GILBERT M. STOKES, plaintiff in error, *vs.* HOWELL T. HOLLIS, defendant in error.

Where an instrument was executed by a party in the nature of a bill of sale, but the language used showed the intent of the parties to be the execution of a mortgage:

*Held,* That, inasmuch as this instrument was only a security for loan of money to be made by the advances towards the cultivation of a growing crop, it passed no title to the mortgaged property, nor right of possession thereto, so as to authorize the mortgagee to bring an action of trover for the recovery of cotton grown upon the place.

Trover. Equitable mortgage. Before Judge CLARK. Lee Superior Court. April Term, 1871.

Stokes brought trover against Hollis for a quantity of lint cotton. To prove title, he introduced the following paper, signed by Stokes and Walker:

"GEORGIA—LEE COUNTY.—This instrument of writing, made and executed the 13th of February, 1869, between Stephen S. Walker and G. M. Stokes, both of said county and State, witnesseth, that for and in consideration of the sum of two dollars to him in hand paid by said G. M. Stokes, the receipt whereof is hereby acknowledged, and in consideration of the benefit of this sale and contract to him, the said Walker has sold and does hereby sell his entire crop now growing and to be grown on the Brown & Hollis plantation, in said county, where he, the said Walker, resides and is carrying on a farm, and does sub-rent and sub-let to the said Stokes during the year 1869, together with all the stock of horses, mules, oxen, cows, wagons, harness, farming utensils, etc. And the said Walker agrees hereby to remain

Stokes *vs.* Hollis.

on said place and manage, oversee, control and cultivate, as bailee and manager, (and which said Walker agrees to be,) honestly and faithfully, under the directions and instructions of said Stokes, and for the benefit and advantage of said Stokes. In consequence, Stokes is not to be liable for mismanagement of any of said crops, or for any loss of any of said property, in consideration of the honest and faithful performance by said Walker, as manager, etc., as aforesaid, and agrees to give him for his services, to be rendered as such, all the proceeds of said farm, after deducting therefrom all the expenses and advances which the said Stokes may incur or make, in consequence of or on account of carrying on said farm, or for any other indebtedness due said Stokes by said Walker."

Stokes testified that he had possession of said farm during 1869; took said paper to secure him for expenses, labor, advances, etc., to be made, to enable Walker to make a crop on said farm; Walker rented the farm from Hollis & Brown and was unable to farm without aid. He made advances to Walker, got part of the crop, but over $800 00 was still due him, and he wanted said cotton or his money. Brown induced Stokes to make this contract, by agreeing to waive the rent claim till Stokes was repaid. He never had any possession of said cotton except by Walker as his bailee. It was shown that Hollis had possession of said cotton. Plaintiff closed here, and the Court non-suited him. That is assigned as error.

WEST & KIMBROUGH; W. A. HAWKINS; CLARK & SPENCER, for plaintiff in error.

FORT & HOLLIS, for defendant. The paper is but a mortgage: Revised Code, secs. 1944, 2587, 2604; 9th Ga. R., 151. No possession or title shown: 41st Ga. R., 96. Interest of tenant not saleable: R. Code, sec. 2253; 9 Bac. Abridg., 651, 677.

LOCHRANE, Chief Justice.

This was an action of trover brought by Gilbert M. Stokes against Hollis for the recovery of cotton in the seed, enough to make eighteen bales.

It appears that Stephen S. Walker had rented from Hollis his plantation, for the year 1869, and while in possession as such tenant, in February of the same year, entered into an instrument, in writing, with Stokes, by which, and in consideration of the sum of $2 00 he sold Stokes his crop growing and to be grown upon the place, together with the stock and farming implements thereon. Walker agreed to remain on the place as bailee and manager for Stokes, and to cultivate the same under his directions; and the conveyance provides that he, Stokes, is not to be liable for mismanagement of the crops, or any loss of the property. It further provides that Walker is to receive all the proceeds of the farm after deducting the expenses and advances made by Stokes on account of the farm, or for any other indebtedness due Stokes by Walker. Other testimony was introduced, not material in the view the Court takes of the merits of this case. The Court below awarded a non-suit, which is the ground of error assigned. Much depends in this case upon the construction of the instrument entered into between Stokes and Walker. If it is a sale under the laws of Georgia, then the action of trover may be properly maintained, as, in that event, both the title and legal possession of the property belonged to Walker. But, on the other hand, if it is a mortgage, then, inasmuch as a mortgage passes no title and gives to the mortgagee no right to the possession of the mortgaged property, a different result follows. Under the decision in 9 Georgia, 151, as well as under the rule for the construction of contracts laid down by the Code, we are satisfied this instrument constituted no more than a mortgage. It was a security for a loan of money to be made by advances towards the cultivation of a growing crop, and there are pro-

visions therein inconsistent with the ownership upon the part of Stokes. His covenant not to be liable for mismanagement or loss of the property would be unreasonable and incompatible with his rights of ownership, and taken in connection with the terms of compensation to Walker, that he was to have all the proceeds of the farm after the payment of the expenses and advances made by Stokes, and other debts due by him, fixes, beyond judicial controversy, the true intent and meaning of this instrument. And if it be a mortgage, as we hold it to be, then the action of trover would not lie for the recovery of this cotton, and the Court committed no · error in awarding a non-suit under the facts of the case.

Judgment affirmed.