**Norman James COLEMAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00096–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 30, 1981.

Rehearing Denied Jan. 29, 1982.

Discretionary Review Granted
April 21, 1982.

J. Stephen Cooper, Dallas, for appellant.

R. Kristin Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and ALLEN, JJ.

ON MOTION FOR REHEARING

ALLEN, Justice.

On original submission this case was affirmed based in part on what this court believed to be the ruling of the Court of Criminal Appeals in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981) (on State's Motion for Rehearing). Appellant in his motion for rehearing has called our attention to an even more recent en banc decision by the Court of Criminal Appeals, not cited on original submission, which further enlightens this court and requires that we grant appellant's motion for rehearing, withdraw our original opinion, reverse the cause and order the dismissal of the indictment.

This is an appeal from a conviction for theft of property over the value of $200 but less than $10,000. Following a verdict of guilty, the jury found the enhancement paragraphs alleged in the indictment to be true and the court assessed punishment at life imprisonment.

The appellant brings forward five grounds of error including the contention that the trial court erred in denying appellant's motion to quash the indictment because there was insufficient notice as to the meaning of "appropriate" as used in the indictment. Appellant also contests the sufficiency of the evidence.

The record reflects that appellant timely filed a motion to quash the indictment on the ground that there was insufficient notice as to the meaning of "appropriate" as alleged therein. Our review of the case law

reveals a dearth of authority on this particular point, so we must consider this ground of error with enlightenment from recent analogous decisions of the Court of Criminal Appeals.

Prior to the court's en banc decision in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr. App.1981) (on State's Motion for Rehearing), the law was well settled that a motion to quash would be granted if the indictment failed to allege facts sufficient to give the defendant notice of the particular offense with which he is charged. *Lindsay v. State*, 588 S.W.2d 570 (Tex.Cr.App.1979) (on State's Motion for Rehearing); *Drumm v. State*, 560 S.W.2d 944 (Tex.Cr.App.1977). It was equally well settled that an indictment drawn in the language of a statute was sufficient to give factual notice to the accused. *Ames v. State*, 499 S.W.2d 110 (Tex.Cr.App.1973). In holding that the elements of "owner" and "effective consent" as used in the theft statute[1] need not be alleged with further elaboration, the *Thomas* Court reiterated the rule that "subject to rare exceptions, an indictment which tracks the words of the penal statute in question is legally sufficient." *Thomas v. State, supra*, at 161, citing *May v. State*, 618 S.W.2d 333 (Tex.Cr.App.1981); *Phillips v. State*, 597 S.W.2d 929 (Tex.Cr.App.1980); *Parr v. State*, 575 S.W.2d 522 (Tex.Cr.App.1978). Then in language that can only be categorized as nothing more than mere dicta, the majority went on to state:

> We realize that there is language to the effect that, once a motion to quash is sustained, the State may "precisely distinguish" the *alleged conduct. Thomas v. State, supra*, at 163. (emphasis added).

While not specifically defining what type of "alleged conduct" may be subject to a motion to quash, the court went on to conclude that *"more importantly* [in *Thomas*], *the term "owner" does not go to an act or omission of the defendant." Thomas v. State, supra*, at 164 (emphasis in original). The Court of Criminal Appeals thus raised the curtain in the developing drama involving cases where a term used in a criminal statute is statutorily defined, but is descriptive of an act or omission of the defendant.

█ The curtain was further raised just three months after the *Thomas* case when the Court of Criminal Appeals handed down its en banc decision in *Ferguson v. State*, 622 S.W.2d 846 (Tex.Cr.App.1981) (on State's Motion for Rehearing). In *Ferguson* the indictment charged that the defendant "... did unlawfully, intentionally and knowingly *deliver* to _____, a controlled substance, namely heroin" (emphasis added). Defense counsel filed a motion to quash the indictment urging that the charging instrument failed to allege how the controlled substance was delivered and thus constituted insufficient notice to the defendant as to what type of delivery the State would rely on to prove its accusation. The Court of Criminal Appeals agreed with the defendant's contentions and held that the motion to quash should have been granted. After first noting that the term "delivery" is statutorily defined,[2] the court distinguished its decision in *Thomas* by noting that while the term "owner" does not go to an act or omission of the accused, the word "delivery" is the very act by a defendant which constitutes the criminal conduct. The court concluded:

> [I]t is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish.

1.  Tex.Penal Code Ann. § 31.03 (Vernon Supp. 1980–81).

2.  Tex.Rev.Civ.Stat.Ann. art. 4476–15 sec. 1.02(8) (Vernon 1976) provides:
    "Deliver" or "delivery" means the actual or constructive transfer from one person to another of a controlled substance, whether or not there is an agency relationship. For purposes of this Act, it also includes an offer to sell a controlled substance. Proof of an offer to sell must be corroborated by a person other than the offeree or by evidence other than a statement of the offeree.

The indictment in the instant case charges, in relevant part, that Norman James Coleman "did unlawfully, knowingly and intentionally appropriate property." The term "appropriate" is statutorily defined as:

(a) to bring about a transfer or purported transfer of title to or other non-possessory interest in property, whether to the actor or another; or

(b) to acquire or otherwise exercise control over property other than real property. Tex.Penal Code Ann. § 31.01(5) (Vernon Supp.1980–81).

These alternative definitions of "appropriate" are wholly distinct from each other in that subsection (a) contemplates some transfer of legal title without any physical transfer of the property, whereas subsection (b) pertains to a possessory acquisition of the property. The use of the term "appropriate" is descriptive of an act or omission of the appellant and constitutes "the very heart" of the offense of theft. Consequently, this case falls squarely within the rule set forth in *Ferguson v. State, supra*, and this court is compelled to follow the precedent established by the Court of Criminal Appeals. Accordingly, we hold that the term "appropriate" goes to an act or omission of the accused and the trial court erred in failing to grant appellant's motion to quash the indictment. For the reasons stated above we reverse this case and order that the indictment be dismissed.

This court is aware of the panel decision of the Court of Criminal Appeals in *Phelps v. State*, 623 S.W.2d 936 (1981) (State's Motion for Rehearing denied December 9, 1981), holding that the term "possess" [3] as alleged in an indictment does not go to an act or omission of the accused. Given the language of Tex.Penal Code Ann. § 6.01(b) (Vernon 1974) [4], we are unable to reconcile this case with the reasoning of *Thomas v. State, supra*, or the holding in *Ferguson v. State, supra*, and choose to follow the en banc decision in *Ferguson*.

 Appellant also challenges the sufficiency of the evidence. Under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), we must consider this contention before disposing of the case. *See Swabado v. State*, 597 S.W.2d 361 (Tex.Cr.App.1980). We conclude that the evidence is sufficient to sustain the conviction.

The judgment is reversed and the indictment is ordered dismissed.

---

**3.** Tex.Rev.Civ.Stat.Ann. art. 4476–15 sec. 1.02(23) (Vernon 1976) provides:

"Possession" means actual care, custody, control or management.

**4.** Tex.Penal Code Ann. § 6.01(b) (Vernon 1974) provides:

Possession is a voluntary *act* if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate this control. (emphasis added)