**Calvin Jerome WASHINGTON,
Appellant,**

v.

**The STATE of Texas.**

**No. B14–81–596–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 24, 1982.

Rehearing Denied Dec. 16, 1982.

James E. Connor, Jr., Houston, for appellant.

Winston Cochran, Asst. Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and JUNELL and MILLER, JJ.

## OPINION

MILLER, Justice.

Appellant, Calvin Jerome Washington, was tried and convicted of theft and was sentenced to eight years confinement in the Texas Department of Corrections. Subsequent to this conviction, the court revoked appellant's probation for a prior offense, and sentenced him to serve a three year term of confinement due to violation of his probation. We affirm.

Appellant presents three grounds of error attacking his theft conviction. He raises one ground of error attacking his probation revocation. Both appeals have been consolidated for disposition by this court. We find no error by the trial court in either case. We affirm.

The relevant facts are as follows. On November 7, 1980, Lawrence Cole broke into the residence of Theophilus Johnson at 4910 Noble, and took a stereo turntable, tape deck and receiver, and television set. Cole testified that after he removed the property from the house, he flagged down Calvin Washington, a friend of his, who helped him transport the items to Washington's house in Washington's car. Cole then said he returned to Johnson's residence with Washington, and while Washington waited in the car, Cole entered the duplex apartment in order to steal the stereo speakers. On his way out the door, Cole was arrested by Officer J.O. Berry who had responded to a burglary call. Officer Berry

saw Washington's car nearby, and in fact, saw a black male get out of the car and walk toward one of the houses on the street. He later had the car towed away, placing a "hold" on it after he found an envelope of a bill or statement with Johnson's name on it on the ground by the car door.

Theophilus Johnson testified at trial that he was approached by Calvin Washington on the evening of the theft. Washington asked Johnson if he had "lost some property," and Johnson told him his stereo and television had been taken. Johnson had, to his knowledge, never seen or met Washington before. Washington said he had purchased a stereo set and television earlier that day, and would bring it around for Johnson to identify. If he determined it was his, Washington would give it back to Johnson and take a $200 loss. Washington inquired if Johnson had called the police and if he intended to press charges. Johnson said he would not press charges if the items were returned. He testified that he thought this was a condition of getting back his property. About 15–20 minutes after Johnson spoke with the police, Washington returned with Johnson's property in the trunk of his car. The next day, when Washington went to the police station following an attempt to retrieve his car from the towing service, he was arrested.

■ We will first address appellant's grounds of error regarding the theft conviction. In his first ground, appellant contends that the trial court erred in overruling his motion to quash the instant indictment; that said indictment was fatally defective because it failed to define the type of "appropriation" used in committing the offense of theft, thereby depriving the appellant of adequate notice. "Appropriate" is given two alternative meanings in Tex. Penal Code Ann. § 31.01(5) (Vernon Supp. 1982):

(a) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or

(b) to acquire or otherwise exercise control over property other than real property.

Appellant is correct in stating that when a statutory definition provides for more than one manner or means to commit an act or omission, the State must include, upon timely motion, a specific allegation of what the State will rely on to convict. *Ferguson v. State,* 622 S.W.2d 846, 848 (Tex.Cr.App. 1980). This reasoning was followed in *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App. 1982), wherein the Court held that a theft indictment should be quashed, upon timely request, if it fails to specify which meaning of the term "appropriate" the State will rely on in seeking a conviction. *See Coleman v. State,* 629 S.W.2d 126 (Tex.Civ.App. —Dallas 1981, writ granted).

We must agree with the State, however, and find that, upon reading the indictment as a whole, appellant had sufficient notice that the "appropriation" referred to was limited to Section 31.01(5)(B).

The indictment of Washington alleged that he did:

appropriate property ... with the intent to deprive the complainant of the property, and without the effective consent of the complainant, namely, WITHOUT CONSENT OF ANY KIND.

In order to "appropriate" property by bringing about "a transfer or purported transfer of title to or other nonpossessory interest in property," as set out in 31.-01(5)(A), there must be *some* form of consent given, although such consent results from deception or coercion on the part of the actor. The indictment clearly states that, not only was "effective consent" not given, as defined in 31.01(4), but no consent of any kind was given. Therefore, we feel appellant received adequate notice that the term "appropriate" in the instant indictment referred to Section 31.01(5)(B) only. Appellant's first ground of error is overruled.

Appellant asserts in his second ground of error that the evidence offered in corroboration of the accomplice witness was insufficient to support a guilty verdict. We disagree.

In *Meyers v. State,* 626 S.W.2d 778 (Tex.Cr.App.1982), the Court of Criminal Appeals noted that the test of sufficiency of corroborating testimony requires the elimination of an accomplice witness' evidence from consideration and then examination of the testimony of the other witnesses to determine if there is inculpatory evidence to link the accused with commission of the offense. The corroborative evidence does not have to directly link accused to the crime or be sufficient in itself to establish guilt. It will be sufficient if it makes the accomplice witness' testimony more likely than not. *Id.* at 780. However, an accomplice witness need not be corroborated in all of his testimony. *Walker v. State,* 615 S.W.2d 728, 731 (Tex.Cr.App.1981).

We hold that there was sufficient corroborative evidence presented to find appellant guilty of theft. The testimony of Theophilus Johnson, the victim of the theft, shows that Washington was in possession of the stolen goods at the time he came to see Johnson in order to try to return the goods to him. Washington had never met Johnson before, yet he knew where his house was and knew his property had been taken. He not only asked if Johnson had called the police, but also appeared to hinge his return of the stolen property on Johnson's agreement not to press charges. In addition, appellant's car was found at the scene of the theft. We thus overrule appellant's second ground of error.

Appellant contends in his third ground of error that there was a fatal variance between the form of theft alleged in the indictment and that shown by the evidence. He submits that the evidence at most shows that he is guilty of the offense of receiving stolen property as defined in Tex.Penal Code Ann. § 31.03(a), (b)(2) (Vernon 1974), whereas the indictment alleges theft as defined in Section 31.03(a), (b)(1).

We hold that Cole's testimony plus the corroborative evidence presented at trial was sufficient to support the State's allegation of theft in terms of Tex.Penal Code Ann. § 31.03(a), (b)(1) (Vernon 1974).

We overrule appellant's third ground of error, and affirm the theft conviction.

We now address appellant's sole ground of error challenging the revocation of his probation.

Appellant contends that the evidence presented at his probation hearing was insufficient to support the Court's finding that he had violated his probation by committing the theft offense discussed above. He acknowledges the rule that in a revocation hearing the standard of proof is a preponderance of the evidence rather than beyond a reasonable doubt. *Mata v. State,* 632 S.W.2d 355, 361 (Tex.Cr.App. 1982). He also recognizes the rule that no corroboration of an accomplice witness is necessary in a probation revocation hearing. *Howery v. State,* 528 S.W.2d 230, 233 (Tex. Cr.App.1975). Appellant argues, nevertheless, that Cole's testimony was too inconsistent to be credible or reliable. Cole testified on direct examination that Washington was not involved, that Cole had borrowed Washington's car to transport the stolen goods. The State claimed surprise and confronted Cole with his prior confession wherein Cole acknowledged Washington participation in the theft. Cole then stated that his confession was, in fact, the truth.

In addition to Cole's testimony, Theophilus Johnson testified to the facts discussed earlier in this opinion, i.e., that appellant Washington came to his house the evening of the theft to try to return the stolen goods.

It is clearly established that in a proceeding to revoke probation, the trial judge is the sole trier of facts and determines the credibility of the witnesses and the weight to be given particular testimony. *Naquin v. State,* 607 S.W.2d 583 (Tex.Cr.App.1980); *Grant v. State,* 566 S.W.2d 954 (Tex.Crim. App.1978). The question is whether the trial judge abused his discretion in ordering the revocation.

It is our duty to review the evidence in a light that is most favorable to the verdict. *Jones v. State,* 589 S.W.2d 419, 421 (Tex.Cr. App.1979). Thus, we hold that the trial judge did not abuse his discretion in finding

the evidence presented sufficient to revoke appellant's probation.

We overrule appellant's ground of error and affirm the judgment.