### 23119. Wilson v. Voche.

Stephens, J. 1. While a "bill of sale" in its legal and technical sense is an instrument passing title to personal property, an instrument denominated and purporting to be a bill of sale to personalty but which contains a defeasance clause does not pass title to the property. *Stokes v. Hollis*, 43 *Ga.* 262; *Hill v. Smith*, 163 *Ga.* 71 (135 S. E. 423); *Grady v. Harris Incorporated*, 41 *Ga. App.* 111 (151 S. E. 829). Parol testimony

of a witness, who does not appear to be an attorney at law or one versed in and familiar with the niceties of legal definitions and distinctions, that a "bill of sale" to described property was executed, does not by itself alone demand the inference that the instrument conveyed and passed title to the property.

2. Upon the trial of a claim to personalty, which is an automobile, where the burden is upon the claimant to show title to the property levied upon, and where the only evidence tending to establish title to the property is parol testimony of the claimant that the defendant in execution was indebted to the claimant and executed to the claimant a "bill of sale" to the property, the evidence is insufficient to demand the inference that title to the property is in the claimant, and a verdict for the plaintiff in execution, finding the property subject to the execution, is authorized.

3. The court did not err in overruling the claimant's motion for a new trial.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED JANUARY 5, 1934.

*W. A. Morgan, W. E. Perry,* for plaintiff in error.
*Little & Dickerson,* contra.

