Norman James COLEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 132–82.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 3, 1982.

J. Stephen Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty., & Karen Chilton Beverly, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

Norman James Coleman, Appellant, was convicted by a jury in Dallas County of committing the offense of theft of at least $200.00 but less than $10,000.00, as alleged in the indictment in this cause. See also V.T.C.A. Penal Code, Sec. 31.03. In relevant part, the indictment in this cause alleges that on or about the 15th day of June, 1978, the appellant "did unlawfully, knowingly, and intentionally appropriate property, other than real property, namely: four (4) men's suits of the total value of at least $200.00 but less than $10,000.00, without the effective consent of William Bruce Prescott, the owner thereof, and with intent to deprive the said owner of the said property." The word or term "appropriate", as set out in the indictment, is defined by

statute, see V.T.C.A. Penal Code, Sec. 31.-01(5), to mean the following: "(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or (B) to acquire or otherwise exercise control over property other than real property." Prior to trial, appellant filed and presented to the trial court a motion to quash the indictment, claiming therein that the indictment failed to give him sufficient notice of the meaning of the word or term "appropriate". The motion to quash was denied by the trial court, and the appellant was thereafter tried and convicted by a jury. Punishment was assessed at life imprisonment after the jury found that appellant previously had been convicted of committing two felony offenses. See V.T.C.A. Penal Code, Sec. 12.42(d). Appellant appealed his conviction to the Court of Appeals in Dallas. The Court of Appeals in a panel opinion, on motion for rehearing, sustained appellant's contention that the indictment in his cause was subject to a motion to quash, and ordered his conviction reversed. See *Coleman v. State,* 629 S.W.2d 126 (Tex.App.Dallas 1982). The Court of Appeals, relying upon this Court's decision of *Ferguson v. State,* 622 S.W.2d 846 (Tex. Cr.App.1981), held: "Accordingly, we hold that the term 'appropriate' goes to an act or omission of the accused and the trial court erred in failing to grant appellant's motion to quash the indictment."

On April 21, 1982, this Court granted the State's Petition for Discretionary Review in this cause. However, on June 23, 1982, the Court handed down its decision on the State's Motion for Rehearing in *Gorman v. State,* 634 S.W.2d 681, (Tex.Cr.App.1982), wherein a majority of this Court sustained a unanimous panel opinion of this Court which held that the indictment in that cause was subject to a motion to quash, although it had alleged in pertinent part that the defendant had "unlawfully appropriated property", namely one camera valued at more than $200 but less than $10,000. The indictment was subject to a motion to quash because it did not state whether the camera was appropriated by "transfer of title" *or* by "exercise of control", See Sec. 31.01(5), supra.

Thus, we must determine whether the above holding of *Gorman* controls the disposition which we must make of the State's petition for discretionary review. We find it does.

In resolving the issue, we first observe that we are not concerned with whether the indictment on its face states an offense because we find it does. See V.T. C.A. Penal Code, Sec. 31.03(a), (b); *Minx v. State,* 615 S.W.2d 748 (Tex.Cr.App.1981); *Ex parte Cannon,* 546 S.W.2d 266 (Tex.Cr. App.1976). We are here dealing with the question, if a defendant is charged with committing theft "by appropriation" and he challenges the allegation by way of a motion to quash, must the word or term "appropriate" be further clarified? We also observe that whether or not a word or term in a charging instrument must be further clarified, in response to a motion to quash of a defendant, is first tested by whether the word or term is defined by statute. Generally, if the word or term is defined by statute, it need not be further clarified in the charging instrument, even where a motion to quash is the mechanism used to challenge the word or term in the charging instrument. See Art. 21.12, V.A.C.C.P.; *American Plant Corporation v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974); *May v. State,* 618 S.W.2d 333 (Tex.Cr.App.1981). However, if a word or term in a charging instrument goes to an *act or omission* of the defendant, and the defendant files and presents to the trial court a motion to quash, the word or term, even though statutorily defined, must be further clarified by the State because the "lack of notice of acts or omissions is by definition a denial of fair notice" to an accused. *Gorman v. State,* supra, (On State's Motion for Rehearing). Furthermore, we cannot look beyond the face of the charging instrument to answer the question because the test for determining the sufficiency of a charging instrument, in the face of a motion to quash wherein a defendant claims he does not have sufficient notice of that with which he

is charged, is to examine the charging instrument from the perspective of the accused, and in light of the presumption of innocence. *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1978).

In *Gorman, supra,* the defendant was charged by indictment with *appropriating* one (1) camera worth more than $200.00 but less than $10,000.00. The defendant filed a motion to quash, claiming therein that the indictment did not sufficiently give him notice of what he was charged. It was his contention that because of the definition of the word "appropriate", the camera he allegedly stole could have been unlawfully taken through more than one manner or means. A panel of this Court agreed with the defendant, holding that the defendant's motion to quash should have been sustained by the trial court because the allegation of the word "appropriate" in the indictment, by the word's very definition, is an *act,* which could have been committed through more than one manner or means. Because such *act* could have been committed through more than one manner or means, the defendant was entitled to have the word clarified by the prosecution through a properly drawn charging instrument.

■ Does *Gorman* control the disposition we must make of this cause? We find that it does. The question with which we find ourselves confronted is the following: Whether or not the appellant could have unlawfully committed the *act* of appropriating four (4) men's suits through more than one manner or means? Unquestionably, four men's suits, like one (1) camera, are personal property, see V.T.C.A. Penal Code, Sec. 31.01(6), in which non-possessory ownership therein or title thereto may be passed by a written instrument such as a bill of sale. "A 'bill of sale' in its legal and technical sense is an instrument passing title to personal property." [Emphasis Added]. *Wilson v. Voche,* 172 S.E. 672, 48 Ga.App. 173 (Ga.App.Ct.1934) ] "In common and legal speech the word 'title' normally signifies (1) ownership or, when used with appropriate limiting words, a claim of ownership, or (2) the totality of the evidence, that is, the operative facts which result in such ownership or on which the claim of ownership is based." *Restatement of Property,* Sec. 10, Note 2 (1936 Edition). Thus, one manner or means of "appropriating" personal property, such as a suit of clothes, or a camera, may be through transfer of *title* to the property by way of a bill of sale, without necessarily acquiring or exercising control over the property. However, the statutory definition of the word "appropriate" also provides that a person may "appropriate" personal property by acquiring or otherwise exercising control over the property. Thus, there are different and distinct ways which the State could have used to establish that the appellant "appropriated" the four (4) men's suits he was accused of stealing. We, therefore, answer the question, whether or not the appellant could have unlawfully committed the *act* of appropriating four (4) men's suits through more than one manner or means, in the affirmative. We are unable to conclude, where the offense charged is theft of an item of personal property, that, in the abstract, there is a distinction or difference between one item of personal property, such as a camera, and another item of personal property, such as a suit of clothes. *Gorman,* supra, thus controls the disposition of this cause. The trial court reversibly erred in failing to grant the appellant's trial court motion to quash the indictment.

The judgment of the Court of Appeals is affirmed.

McCORMICK, J., dissents.