Matthew Thomas McBRAYER,
Appellant,

v.

The STATE of Texas, Appellee.

No. 61688.

Court of Criminal Appeals of Texas,
Panel 3.

Dec. 15, 1982.

Kenneth E. Houp, Jr., Austin, for appellant.

James L. McMurtry, County Atty., and S.F. Eley, Asst. County Atty., Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before DALLY, W.C. DAVIS and TEAGUE, JJ.

OPINION

W.C. DAVIS, Judge.

This is an appeal from a conviction, after a bench trial, for the offense of theft over five dollars. The court assessed punishment at 10 days confinement, probated for 180 days, and a fine of $150.

In three related grounds of error, appellant challenges the sufficiency of the evi-

dence. Viewing the evidence in the light most favorable to the verdict, *Fernandez v. State,* 564 S.W.2d 771 (Tex.Cr.App.1978), the record reflects that on March 1, 1978, Eileen Quinlan returned from lunch to the Safeway store where she worked as a clerk. Upon entering the front door she noticed appellant, with an unsacked bottle of wine in his hand, standing by the magazine rack. Quinlan then entered the store's office, at which point she noticed appellant leave the store and informed the store manager, Tim Ripperda, that appellant had just left the store with the bottle of wine.

Upon hearing Quinlan's suspicions Ripperda followed appellant out of the store and asked him to produce a sales receipt for the wine. When asked for the receipt, appellant turned to Ripperda and stated, "Here's your wine." The bottle had a typical Safeway price sticker on it. Appellant never produced a receipt, and he never told Ripperda that he had actually paid for the wine. Ripperda then took appellant back inside the store, the police were called, and appellant was placed under arrest.

V.T.C.A., Penal Code, Sec. 31.03, defines the offense of theft, and provides in part:

"(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

"(b) Appropriation of property is unlawful if:

"(1) it is without the owner's effective consent; ..."

■ We find the evidence adduced sufficient and appellant's grounds of error are overruled.

In his first ground of error, appellant alleges that the trial court erred in overruling his motion to quash the information for failure to sufficiently notify him of the charges against him. Omitting the formal portions, the information on which appellant was tried alleged that he, on March 1, 1978, did:

"... unlawfully *appropriate* property, to-wit: one bottle of Blue Nun wine of the value of less than $20.00 and over $5.00 from Safeway Stores Incorporated with-

out the effective consent of the owner, Tim Ripperda, and with intent to deprive the said owner of said property, ..." (emphasis added)

By timely filed motion to quash appellant asserted that the information failed to properly put him on notice in that it did not specify which statutory definition of "appropriate" the prosecution was relying on.

Under V.T.C.A. Penal Code, Sec. 31.01(5), the term "appropriate", as used in the definition of the offense of theft, is defined as follows:

"(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or

"(B) to acquire or otherwise exercise control over property other than real property."

In *Gorman v. State,* 634 S.W.2d 681 (Tex. Cr.App.1982), the indictment alleged in pertinent part, that on a given date and with the required intent and culpable mental state appellant did "unlawfully appropriate such property," namely "one camera" valued at more than two hundred but less than ten thousand dollars. The trial court subsequently overruled the appellant's motion to quash the indictment. In reversing the conviction on the basis of the indictment's failure to provide the appellant with adequate notice of the charges against him, this Court quoted from *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1982) (Opinion on Rehearing), which held:

"... it is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish." 622 S.W.2d at 851.

Thereafter, in *Coleman v. State,* 643 S.W. 2d 124 (1982), this Court reaffirmed the rule expressed in *Gorman,* supra. In *Coleman,* the indictment alleged in part that the appellant "did unlawfully, knowingly, and

intentionally appropriate property, other than real property, namely: four (4) men's suits...." Prior to trial, the appellant filed a motion to quash the indictment claiming therein that the indictment failed to give him sufficient notice of the meaning of the term "appropriate." The motion was denied, and the appellant was convicted. The Dallas Court of Appeals then reversed the conviction, relying on *Ferguson,* supra, on the grounds that "the term 'appropriate' goes to an act or omission of the accused and the trial court erred in failing to grant appellant's motion to quash the indictment." In upholding the Court of Appeal's reversal of the conviction this Court stated:

"... if a word or term in a charging instrument goes to an *act or omission* of the defendant, and the defendant files and presents to the trial court a motion to quash, the word or term, even though statutorily defined, must be further clarified by the State because the 'lack of notice of acts or omissions is by definition a denial of fair notice' to an accused.... [t]hus, there are different and distinct ways which the State could have used to establish that the appellant 'appropriated' the four (4) men's suits he was accused of stealing. We, therefore, answer the question, whether or not the appellant could have unlawfully committed the *act* of appropriating four (4) men's suits *through more than one manner or means,* in the affirmative."

We find that the holdings of *Gorman,* supra, and *Coleman,* supra, control the disposition of the case at bar. Because the *act* of "appropriation" could have been committed by more than one manner or means, Sec. 31.01(5), supra, appellant was entitled to have this term clarified by the prosecution in a correctly drawn information. We see no distinction between "appropriating" one bottle of Blue Nun wine, and "appropriating" one camera, or four (4) men's suits. It was error for the court to overrule appellant's motion to quash the information.

We therefore order the judgment reversed and the information dismissed.

DALLY, J., concurs in the result.