**Jim D. SCOTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3-82-328-CR(T).**

Court of Appeals of Texas, Austin.

Feb. 16, 1983.

Kenneth E. Houp, Jr., Austin [Retained], for appellant.

Ronald Earle, Dist. Atty., Ralph Graham, Asst. Dist. Atty., Austin, for appellee.

Before PHILLIPS, C.J., and EARL W. SMITH and BRADY, JJ.

EARL W. SMITH, Justice.

In a trial before the court on a plea of not guilty, appellant was convicted of theft, a

third degree felony. His punishment was assessed at confinement in the Texas Department of Corrections for three years, probated for three years.

Appellant contends that the trial court erred in not granting his motion to quash the indictment and in not granting his motion to suppress evidence.

We will reverse the judgment of conviction and order the indictment to be dismissed because the trial court did err in overruling appellant's motion to quash the indictment. Omitting the formal parts, the indictment alleged:

that Jim D. Scott on or about the 11th day of January A.D.1980 ... with the intent to deprive the owner, John H. Scott, of property, namely, lawful United States Currency, did knowingly and intentionally, without the owner's effective consent, unlawfully appropriate such property which had a value of two hundred dollars ($200.00) or more and less than ten thousand dollars ($10,000.00)....

Appellant's challenge to the indictment, as set out in his motion to quash, was that, "[t]he indictment is defective in that it fails to specify which type of 'appropriation' is charged under § 31.01(5) of the Texas Penal Code." Texas Pen.Code Ann. § 31.01(5) (Supp.1982) provides:

(5) "Appropriate" means:

(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or

(B) to acquire or otherwise exercise control over property other than real property.

Three recent decisions of the Court of Criminal Appeals are dispositive of this question. Each of the decisions involved theft indictments in which there was no allegation concerning upon which statutory definition of "appropriate" the prosecution was relying. Each case holds that the trial court erred in overruling a motion to quash based upon such failure. *McBrayer v. State,* 642 S.W.2d 504 (Tex.Cr.App.1982); *Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.

App.1982); *Gorman v. State,* 634 S.W.2d 681 (Tex.Cr.App.1982). In *McBrayer, supra,* the Court, quoting from *Ferguson v. State,* 622 S.W.2d 846 (Tex.Cr.App.1981), said:

it is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish.

The State argues that *McBrayer, Coleman,* and *Gorman, supra,* do not control this case because they do not involve the theft of currency. In the State's view one can never have a nonpossessory interest in currency, therefore § 31.01(5)(A) is never applicable to such a case. We disagree. In its original panel opinion in *Gorman,* the Court said that, "interests in ... '*goods*' do not require possession to exist." (emphasis supplied) The Court cited Tex.Bus. & Com. Code § 2.105(a) (1968) in support of this proposition. That section defines "goods" to include money, except as it is used in payment for other goods. *See* Tex.Bus. & Com.Code § 2.105(a) "Uniform Commercial Code Comment" wherein it is stated, "[g]oods is intended to cover the sale of money when money is being treated as a commodity." Accordingly, we cannot say that there can be no instances where § 31.01(5)(A) would be applicable to the theft of currency.

Even if this were the case, however, the very language of § 31.01(5)(B) indicates that there can be more than one method of appropriation under that subsection alone since it defines appropriation as occurring whenever one acquires, "*or otherwise exercise[s] control* over property." (emphasis supplied) Appellant's ground of error is sustained.

Appellant does not raise the question of the sufficiency of the evidence to support his conviction; therefore, we need not pass upon that question. We sustain appellant's ground of error that his motion to quash

the indictment should have been granted, which is dispositive of this case. It is not necessary to discuss appellant's remaining ground of error concerning whether the trial court erred in overruling his motion to suppress evidence.

The judgment of conviction is reversed, and the cause is remanded with instructions that the indictment be dismissed.