**Harold Odean JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 04–81–00202–CR, 04–81–00203–CR.**

Court of Appeals of Texas,
San Antonio.

July 27, 1983.

Scott F. Monroe, Kerrville, for appellant.

Ronald L. Sutton, Dist. Atty., Junction, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

BUTTS, Justice.

These are appeals from two convictions by a jury in consolidated trials of two offenses: theft of mohair and theft of currency. The court assessed punishment at twenty years imprisonment for the first offense, a second-degree felony, and ten years imprisonment for the second offense, a third-degree felony, the sentences to be served concurrently. We reverse the theft of currency conviction and affirm the other judgment, as reformed.

Appellant presents nine (9) grounds of error; some apply to both convictions, while others do not. He first argues that the State failed to meet the requirements of the Speedy Trial Act, and the trial court should have dismissed the two cases, TEX. CODE CRIM.PROC. art. 32A.02 (Vernon Supp.1982–83). The relevant chronology is:

| | |
|---|---|
| May 5, 1978 | – Arrested. |
| July 7, 1978 | – Indicted. |
| July 20, 1978 | – Arraigned. |
| August 7, 1978 | – Trial set this date. Both parties announced ready. Case reset. |
| October 16, 1978 | – Trial set this date. Speedy trial motion to |
| | dismiss filed. State announced ready. Motion denied. Case reset. |
| November 27, 1978 | – Trial set this date. Speedy trial motion to dismiss filed. State announced ready. Motion denied. Trial began. |

July 1, 1978, became the date to begin computing time under the Speedy Trial Act for the cases pending at that time. *Wade v. State*, 572 S.W.2d 533 (Tex.Crim.App. 1978). The evidence before this court shows appellant offered no evidence at the motion hearing on October 16. The record shows that appellant did introduce evidence at the hearing on November 27; however, none reflected the State's unpreparedness during the 120 day period; rather the docket sheets introduced and the testimony focused attention on the court's docket and its condition during the months preceding the trial. A defense counsel testified the courtroom was "empty" on October 16, signifying to him availability for trial purposes. The district clerk testified a district judge conducted motion hearings that day, impaneled a jury and conducted a competency hearing the following day, and sentenced a defendant after a plea in the same case the following day. She said that the visiting judge then left town and no other district judge was present to conduct trials.

The threshold standard for dismissal under the Act refers to the preparedness of the prosecution for trial, and does not encompass the trial court and its docket. *Barfield v. State*, 586 S.W.2d 538, 541 (Tex.Crim.App.1979); *Ordunez v. Bean*, 579 S.W.2d 911, 916–17 (Tex.Crim.App. 1979). *Compare Apple v. State*, 647 S.W.2d 290, 292–93 (Tex.Crim.App.1983).

■ The State established a *prima facie* showing of preparedness with its announcement of ready. The burden then shifted to the appellant, which burden he did not sustain. We accordingly overrule the ground of error.

In grounds of error two and three, appellant contends the trial court should have dismissed both indictments. Appellant filed identical motions to dismiss the indictments, arguing each indictment is vague

and indefinite and does not provide notice of the offense brought against him. The trial court overruled both motions. The theft of currency indictment provides, in part:

> ... [Appellant] on or about the 15th day of July A.D. 1977, ... did then and there unlawfully appropriate property, to-wit: lawful currency of the United States of America of more than $200.00 and less than $10,000.00 from Dale Priour, the owner, without the effective consent of said owner and with intent to deprive the said owner of said property ...

TEX.CODE CRIM.PROC. art. 21.11 (Vernon 1966) provides that an indictment is sufficient that charges the commission of the offense in ordinary and concise language which will allow a person of common understanding to know what is meant, and with that degree of certainty which will give the defendant notice of the particular offense with which he is charged and enable the court, on conviction, to pronounce the proper judgment. Article 21.09 (Vernon Supp. 1982–83) provides personal property shall be alleged and identified by name, number, kind and ownership, if known. When unknown, that must be stated, and a general description will suffice.

Interpreting art. 21.09 in *Hood v. State*, 607 S.W.2d 567, 568 (Tex.Crim.App.1980) in a situation where property is not described, the court pointed to that indictment's allegation of "merchandise" and the further allegation that the exact name, number and kind were not known. There the defendant passed a worthless check in return for the merchandise. Stating the indictment did not contain fundamental error because it followed the edict of art. 21.09, the court further concluded the trial court acted correctly in overruling the motion to quash the indictment.

The basis of the instant prosecution was a check in the sum of $4,139.66. The endorsement of appellant with the notation "For deposit only" to an account in the Hill Country Savings and Loan Association appeared on the check. The owner of Kerrville Wool and Mohair Warehouse, Dale

Priour, testified the business had no account at the banking institution.

Unless a fact is essential for notice to a defendant, the indictment need not plead evidence relied on by the State. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex.Crim.App. 1981). *Phillips v. State*, 597 S.W.2d 929, 935 (Tex.Crim.App.1980). *Compare Cruise v. State*, 587 S.W.2d 403 (Tex.Crim.App.1979) and *Haecker v. State*, 571 S.W.2d 920 (Tex.Crim.App.1978).

■ However, in this case appellant requested, by his motion to dismiss the indictment for uncertainty, a description of sufficient particularity of which check or transaction the State would rely upon to prove theft of currency. The State relied upon one check among several others and that information was known by the State. This information should have been disclosed since appellant had authority to and did sign and draw checks upon the company. Moreover, in the consolidated trial other company checks with appellant, the manager, as maker, allegedly of a fraudulent nature, came into evidence in connection with the theft of mohair prosecution. One of those others could well have been the basis of this indictment. Appellant was entitled to notice of his alleged acts in order to prepare a defense. The motion to dismiss the indictment for theft of currency should have been granted. We sustain ground of error two.

■ The indictment in the theft of mohair case states, in part:

> ... [Appellant] on or about the 18th day of April, A.D. 1978 ... did then and there unlawfully appropriate property, to-wit: 13,557 lbs. of mohair of the value of more than ten thousand dollars from Jack Taylor without the effective consent of Jack Taylor, the possessor thereof, and with intent to deprive said possessor of said property ...

We apply the same reasoning regarding this indictment and find that the trial court correctly overruled this motion to dismiss. The requirements of the indictment statutes, including arts. 21.09 and 21.11, have

been met. Although appellant now argues on appeal the indictment failed to provide him with notice of his acts of "appropriation," this court has no statement of facts demonstrating that argument was presented before the trial began. Certainly, the motion to dismiss does not address that argument. It is clear when an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit the act or omission, then upon timely request, the State must allege the particular manner or means it seeks to establish. *Gorman v. State*, 634 S.W.2d 681, 682 (Tex.Crim.App. 1982), *citing Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim.App.1981). Those two cases, as well as *Coleman v. State*, 643 S.W.2d 124 (Tex.Crim.App.1982) and *McBrayer v. State*, 642 S.W.2d 504 (Tex. Crim.App.1982) announce the proposition that upon timely motion to quash the indictment for failure to specify the means or manner of appropriation, where there may be more than one, the trial court should dismiss the indictment. Unlike the defendant in *Coleman*, the appellant herein did not challenge the allegation of theft by appropriation, asking for a clarification of the term. We find the instant indictment stated an offense and invoked the court's jurisdiction. The general complaint of a vague and indefinite indictment did not call to the trial court's attention the failure to specify the means of appropriation. Generally if the word or term is defined by statute, it need not be further clarified, (art. 21.12), absent a motion to quash challenging the word or description in the indictment when that word or term goes to an act or omission of the defendant. We believe under the holdings of *Gorman*, *Coleman*, and *McBrayer* such a timely motion would have been sound in this case. That was not made, however. We therefore overrule ground of error three.

In the mohair theft case the indictment declares the mohair was appropriated from Jack Taylor, the *possessor*, without his consent and with intent to deprive the *possessor* of the property. Appellant moved the court to direct a verdict and to arrest judg-

ment because the indictment contains fundamental error: the failure to allege ownership of the property. The court overruled the motions. Appellant contends this was error. We do not agree.

Article 21.08 provides, in part, "where one person owns the property, and another person has the possession of the same, the ownership thereof may be alleged to be in either. . . ." TEX.PENAL CODE § 1.07(a)(24) (Vernon 1974) defines "owner" as "a person who has title to the property, possession of the property, . . . or a greater right to possession of the property . . . ."

The evidence shows that appellant worked as manager of Kerrville Wool and Mohair Company owned by Dale Priour. In that capacity he bought mohair from the growers and weighed it, kept books, and wrote checks. Also he supervised the grading room where mohair was processed, graded and classed. Taylor testified he was the buyer for another company and was officed at Kerrville Wool and Mohair Company, using the facilities to process wool and mohair purchased by him. He stated the subject mohair which he had purchased was in the building in his custody and possession on or about April 18, 1978. The company for which he was the buyer owned the mohair.

 It is now well settled that one of three types of ownership may be proved when "owner" is alleged—by title, possession, or greater right of possession. *Thomas v. State*, 621 S.W.2d 158, 161 (Tex. Crim.App.1981). However, article 21.12 only requires the general term "owner" be alleged and not the special type of owner. *Id.* at 161. Taylor was, of course, the special owner. The *Thomas* court stated at 163,

Regarding the allegation of owner, we can perceive of no situation where the type of owner will either assist or affect the defense. Whether the owner has title, possession, or greater right to possession will not benefit a defendant, and

does not go to giving him *notice of his alleged act.*

In the instant case the allegation showed with particularity which type owner Taylor was. While alleging the term "owner" may have been the better method, we find no fault in the cautious approach utilized by the State. It is of interest that the State's burden became greater by the circumscription to meet its proof under TEX. PENAL CODE ANN. § 31.03 (Vernon Supp.1982–83). The trial court correctly overruled the motion for directed verdict and motion in arrest of judgment based on this contention. Ground of error four is overruled.

■ Appellant next contends the court should have granted his motion for directed verdict because evidence of the check written by him does not support the indictment charging theft of "lawful currency of the United States." Appellant and the State made this stipulation in court before the jury:

First, that the State's exhibit number one represents a check made payable to the order of H.O. Jones in the amount of $4,139.66, drawn on the account of Kerrville Wool and Mohair Company, signed by O'Dean Jones, dated July 15, 1977 and subsequently deposited to the account of Frances Jones on July 20, 1977, and that the said Frances Jones was at the time the wife of Harold O'Dean Jones, and that said deposit was made to said account which at the time was a community fund account of Harold O'Dean Jones and wife, Frances Jones.

Although theft of currency was alleged in the indictment, proof was sufficient when it showed appellant drew the check without the owner's knowledge or consent, making it payable to himself, then endorsing the check, and depositing it in his own personal savings account. The fact is that appellant acquired the sum of $4,139.66 by transferring funds between banks; for him to take physical possession of actual money or currency was not required. The evidence is sufficient to support the allegations in the indictment that appellant appropriated cur-

rency. *See Watkins v. State,* 438 S.W.2d 819, 821 (Tex.Crim.App.1969). Ground of error five is overruled.

Appellant next objects to the admission in evidence of thirteen items of documentary evidence (checks, check stubs, written memoranda, etc. of the wool and mohair business). He objected at trial to only one, a spiral notebook in appellant's writing depicting the 1978 spring inventory of the company. The trial court overruled the objection when the State argued the subject of clerical error in the book had been introduced by appellant, the inference being the State could then submit the entire book. We agree with the court's ruling; however, that is not what rankles the appellant on appeal. We are led to this conclusion also by appellant's "no objection" comment when the other items came into evidence.

■ On appeal he argues the documentary evidence should have been set out in the indictment as the basis of the offense. This is the *haec verba* rule as employed in forgery prosecutions. He relies upon a pre-1974 Penal Code opinion, *Leinart v. State,* 159 Tex.Cr.R. 220, 262 S.W.2d 504 (1953). In that swindling case the court stated the written instruments (voucher and invoices) should have been set out in the indictment to render them admissible at trial. Without the instruments themselves there could be no proof of false representation. In *Leinart* the defendant objected that the allegations of the indictment were not sufficient to warrant their submission in evidence. As the court noted in *Terry v. State,* 471 S.W.2d 848, 849 (Tex.Crim.App.1971), the rule of setting out instruments *haec verba* in an indictment does not apply to theft by false pretenses, and where a written instrument is involved in the commission of an offense, the written instrument need not be set out. We reach the same conclusion in the present case, a prosecution for a theft offense under TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1982–83) where the written instruments were incidental to and involved in the commission of the offense. The

indictment on its face charged the offense sufficiently to give notice to the appellant what he would be called upon to defend. TEX.CODE CRIM.PROC.ANN. art. 21.11 (Vernon 1966), *See Voelkel v. State,* 501 S.W.2d 313 (Tex.Crim.App.1973).

 Even had appellant timely objected to the indictment for the reason now urged, the objection would not have been well taken. Setting out the instruments *haec verba* in the indictments was not required to render them admissible. We overrule ground of error six.

 In his seventh ground of error appellant argues the trial court should have charged the jury on circumstantial evidence as he requested. *Hankins v. State,* 646 S.W.2d 191 (Tex.Crim.App.1983) has felled the venerable Texas rule which mandated this charge be given when the State based its case entirely on circumstantial evidence. Now even that situation no longer prompts a circumstantial evidence charge. We overrule the ground of error.

Appellant challenges the sufficiency of the evidence to show his intent to commit the offense of theft of mohair. It is necessary that appellant appropriated the mohair with the intent to deprive the owner of the property. TEX.PENAL CODE ANN. § 31.03 (Vernon Supp.1982–1983) in effect at the time provides in part:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.
> (b) Appropriation of property is unlawful if:
> (1) it is without the owner's effective consent ...
> \* \* \* \* \* \*

Located in the same code and supplement, section 31.01(5) defines "appropriate" as:

> (A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or
> (B) to acquire or otherwise exercise control over property other than real property.
> \* \* \* \* \* \*

The theory of defense relied upon by appellant was that as manager of Kerrville Wool and Mohair he *borrowed* Taylor's 13,577 pounds of mohair (Lot 2020) to fill the order of an English mill for 35,000 pounds, and that this was customary. The evidence shows that Priour, the owner of the wool business, asked the status of the inventory in February 1978, and appellant told him the company had contracts to purchase 50,-000 pounds of "hair" by March 31, 1978. Priour, then contracted to sell 35,000 pounds to the English buyer and 10,000 pounds to a Boston buyer, reserving a 5,000 pound cushion. Appellant, on the one hand, later told Priour the mohair was "ready," but, on the other hand, contacted the English buyer to postpone his arrival to pick up the mohair. Priour testified "that Dean had called him and tells (sic) him not to come, that he is not ready." Appellant justified the delay, "One big clip has not come in."

When the buyer arrived on April 18 to weigh and load the mohair, Priour and the others (appellant was not present that day) discovered the weight sheet prepared earlier by appellant listing mohair to be sold displayed greater weights of several bags than their actual weights, differing as much as 100 pounds. Also there were no growers' identification numbers on the weight sheet as there should have been. Priour's investigation disclosed that 13,557 pounds of the mohair came from Jack Taylor's stored mohair, which was being readied for shipment to his English clients' mill. (from lot 2020). The "books" showed one lot as 25 bags. Priour said no grower has that much in one lot in "this country" anymore.

When the defense examined Priour as a witness he stated that appellant had been paying out money to fictitious growers with no wool coming in. He stated that appellant took the 13,557 pounds of mohair, valued at $57,000.00, in order to cover up a discrepancy in the books of alleged purchases of wool in the amount of $41,000.00.

Priour's testimony was appellant had written checks to himself and

> other people for mohair that did not exist ... reporting to me that he was buying and paying for mohair that he wasn't buying ... to buy himself cars and labeling it purchase of mohair, and the only way he could cover the shortage of reporting to me he was buying mohair was to go steal mohair and come up with it ... [thereby] postponing getting caught.

Priour testified appellant wrote a check to an employee hired by appellant in the sum of $150.00, showing the employee sold mohair to the company as lot 7K–536 when the real grower of that lot had already been paid. We observe other similar bookkeeping discrepancies were shown by the evidence. Priour testified he never gave appellant permission to write the checks. Taylor testified he never gave permission to appellant to take his mohair. "We never did that in our history at that warehouse .... When that mohair was moved out unbeknownst to me, actually the mohair was being stole (sic) from me .... I'm short 13,000 some odd pounds of mohair."

Both Priour and Taylor testified when they had an agreement to loan "hair," there occurred a definite *sale*, a money figure announced. The transfer was always effected with permission and consent and always for a small amount, not over two or three thousand pounds. There existed no such agreement in this instance.

Priour further testified appellant admitted to him that "I did it," after Priour and others confronted him. Appellant did not testify at the guilt/innocence trial.

When intent is in issue, evidence of extraneous offenses or acts on the part of the accused becomes admissible to show such intent or a particular scheme or design used by him. *Albrecht v. State*, 486 S.W.2d 97, 100 (Tex.Crim.App.1972). Proof of a culpable mental state may be based upon circumstantial evidence. *Wilson v. State*, 605 S.W.2d 284, 286 (Tex.Crim.App. 1980). Intent may be inferred from the acts, words, and conduct of the accused. *Romo v. State*, 593 S.W.2d 690, 693 (Tex.

Crim.App.1980). Intent is a question of fact to be determined by the trier of facts from all the facts and circumstances in evidence. *Hemphill v. State*, 505 S.W.2d 560, 562 (Tex.Crim.App.1974). When the sufficiency of the evidence is challenged, the appellate court must view the evidence in the light most favorable to the verdict in the trial court. *Ellett v. State*, 607 S.W.2d 545, 548 (Tex.Crim.App.1980). We accordingly conclude the jury found the appellant had the requisite intent and the evidence supported that finding. The eighth ground of error is overruled.

We agree with appellant's ninth contention: the trial court should have granted him credit for 36 days in confinement prior to the trial before he secured release on bond. TEX.CODE CRIM.PROC. ANN. art. 42.03 § 2 (Vernon Supp.1982–83). *Jones v. State*, 596 S.W.2d 134, 139 (Tex.Crim.App.1980). We sustain the ninth ground of error and direct that the judgment and sentence be reformed to reflect the credit.

We reverse the conviction for theft of currency and order the indictment dismissed in cause number 354. The judgment of conviction for theft of mohair, cause number 355, is affirmed as reformed.