**Vernon Ray LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 167–83.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 2, 1983.

Stanley G. Schneider, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr. and Russell Lloyd, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

ONION, Presiding Judge.

This appeal involved a conviction for felony theft of property over the value of $200.00 and less than $10,000.00. One prior felony conviction was proved as alleged and the jury assessed appellant's punishment at 15 years' imprisonment and a fine of $5,000.00.

On the appeal the Houston Court of Appeals (1st) reversed the conviction for the refusal of the trial court to grant the motion to quash the indictment. The motion to quash had been based on the failure to allege which type of "appropriation" was involved in committing the primary offense of theft. We granted the State's petition for discretionary review to determine the correctness of the holding of the Court of Appeals.

Chapter 31 (Theft) of the Penal Code, § 31.01(5), as amended, provides:

"(5) 'Appropriate' means:

"(A) to bring about a transfer or purported transfer of title to or other nonpossessory interest in property, whether to the actor or another; or

"(B) to acquire or otherwise exercise control over property other than real property."

(Acts 1975, 64th Leg., p. 914, ch. 342, § 9, eff. Sept. 1, 1975.)

The indictment alleged in pertinent part that the appellant "on or about June 10, 1981, did appropriate property, namely, one television and three telephones, owned by Karen Lane, a person having a greater right to possession of the property than the Defendant and hereafter styled the Complainant, of the value of over two hundred dollars and under ten thousand dollars, with the intent to deprive the Complainant of the property, and without the effective consent of the Complainant, namely, without any consent of any kind . . . ."

Appellant's motion to quash the indictment noted that it alleged he had appropriated certain property, that under V.T.C.A., Penal Code, § 31.01(5), "appropriate" was defined in subsection (A) and (B), and since the act of theft is committed by means of appropriation, he was entitled to notice of the act alleged as the basis for the criminal allegation. Thus appellant was asserting the indictment failed to specify which statutory definition or variant was involved in the alleged act and did not provide him with adequate notice so as to defend against the charge. The said motion was overruled.

■ When considering a motion to quash the indictment, it is not sufficient to say the defendant knew with what offense he was charged; rather, the question presented is whether the face of the indictment or charging instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Marrs v. State,* 647 S.W.2d 286, 289 (Tex.Cr.App.1983); *McManus v. State,* 591 S.W.2d 505 (Tex.Cr.App.1979); *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978).

■ Subject to rare exceptions, an indictment that tracks the words of the penal statute in question is legally sufficient. *Marrs v. State,* supra; *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1980). The terms and elements of offense are defined within the Penal Code; definitions of terms and elements are essentially evidentiary and need not be alleged in the indictment. *Marrs v. State,* supra; *Thomas v. State,* supra.

In *Ferguson v. State,* 622 S.W.2d 846, 851 (Tex.Cr.App.1981) (Opinion on Rehearing), however, this court wrote:

"... [I]t is clear that even though an act or omission by a defendant is statutorily defined, if that definition provides for more than one manner or means to commit that act or omission then upon timely request the State must allege the particular manner or means it seeks to establish."

The rule applies only where the statutory term goes to an act or omission of the defendant. *Gorman v. State,* 634 S.W.2d 681, 682 (Tex.Cr.App.1982). See also *Chavez v. State,* 642 S.W.2d 59, 62 (Tex.App.— El Paso 1982).

In *Gorman v. State,* supra, this court held that an indictment, which alleged the defendant did "unlawfully appropriate such property," namely a camera valued at more than two hundred but less than ten thousand dollars, but which did not define or specify whether defendant appropriated property by bringing about transfer of title or other nonpossessory interest *or* by acquiring or otherwise exercising control over the camera, did not provide adequate and fair notice of theft charges against defendant. The motion to quash the indictment should have been granted.

In affirming the reversal of a felony theft conviction by the Dallas Court of Appeals,[1] this court held that since the defendant could have committed the act of appropriating four men's suits of which he was accused of stealing through more than one manner or means, the trial court committed reversible error in failing to grant the defendant's motion to quash the indictment which did not specify the type of appropriation alleged. *Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.App.1982).

Hard on the heels of *Gorman* and *Coleman* was *McBrayer v. State,* 642 S.W.2d 504 (Tex.Cr.App.1982), which reached the same result. See also *Scott v. State,* 646 S.W.2d 638 (Tex.App.—Austin 1983).

At first blush it would appear that *Gorman* and *Coleman* and *McBrayer* are controlling in the instant case, and that the trial court erred in refusing to grant the motion to quash the indictment, and that the Court of Appeals was correct in reversing the conviction.

The State recognizes the situation, but argues that when the indictment is read as a whole the trial court did not err in denying the motion to quash the indictment. The State argues that if the particular mo-

1. See *Coleman v. State,* 629 S.W.2d 126 (Tex. App.—Dallas 1981).

tion to quash had been granted the appellant would have been entitled to notice of which one of the two statutory alternatives would be used. (See Subsection (A) and (B) of (5) of V.T.C.A., Penal Code, § 31.01.) And the State urges that when the indictment is read as a whole it is clear that definition (B) of "appropriate" rather than definition (A) applied in the instant case appropriation by bringing about a transfer of title or other nonpossessory interest in property (i.e., a lien or other security interest) is an act which requires the consent of the transferer, the State would contend.[2] The State contends that the (A) definition of "appropriate" is based on acts by an accused to which the owner gives consent, and that the act becomes unlawful because the consent is not "effective for some reason, such as inducement of the consent by deception or coercion on the part of the accused." See V.T.C.A., Penal Code, § 31.-01(4).

The State vigorously contends the instant indictment is unlike the indictments in *Gorman* and *Coleman* because it contains an allegation that the appropriation was "without any consent of any kind." Thus such allegation would eliminate the (A) definition of "appropriate which is necessarily based on consent which is merely not 'effective.'"

The State's brief further states:

"Since the wording of the indictment, taken as a whole, rules out the applicability of definition (A), that leaves only the definition under (B): 'to acquire or otherwise exercise control over property other than real property.' In fact, the pleading of no consent of any kind even rules out the subcategory within definition (B) of physical acquisition of property by deception such as a con scheme in which the thief tells a foolish victim, 'Give me your cash and I'll deposit it in your bank account.' The indictment read as a whole, is clearly limited to the theory that the appellant took physical possession of the property without any consent by the owner. In fact, that is exactly what occurred in this offense, wherein the appellant and a colleague shoplifted the property from a Target Store."

In *Washington v. State,* 647 S.W.2d 11 (Tex.App.—Houston [14th] 1982), the court was confronted with the same contention with another Harris County theft indictment similarly worded and with the allegation "without consent of any kind," just as in the instant case.

There the court speaking through Justice George Miller wrote:

"In order to 'appropriate' property by bringing about 'a transfer or purported transfer of title or to other nonpossessory interest in property,' as set out in 31.-01(5)(A), there must be *some* form of consent given, although such consent results from deception or coercion on part of the actor. The indictment clearly states that, not only was 'effective consent' not given, as defined in 31.01(4), but no consent of any kind was given. Therefore, we feel appellant received adequate notice that the term 'appropriate' in the instant indictment referred to Section 31.01(5)(B) only. Appellant's first ground of error is overruled."

▪ While we do not commend this method of alleging the statutory variant of "appropriate" under § 31.01(5)(B),[3] we conclude that the indictment, read as a whole, gave adequate notice that the term "appropriate" referred only to § 31.01(5)(B). Thus, the trial court did not err in refusing the appellant's motion to quash the indict-

---

2. The State calls attention to Judge Clinton's opinion in *Gorman* (on original submission footnote 10) that "... title to goods passes from the seller to the buyer in any manner and on any condition explicitly agreed on by the parties." Also noted is Judge Teague's observation for the Court in *Coleman* that transfer of nonpossessory intent in personal property may be effected by a bill of sale.

3. The allegation "... without consent of any kind" may have been added in response to the panel opinion on original submission in *Thomas v. State,* 621 S.W.2d 158 (Tex.Cr.App.1981), which was overturned on rehearing.

ment which expressly claimed the indictment was defective only because it did not tell him which variant (A) or (B) of the statutory definition of "appropriate" was involved in the alleged act of theft of one television and three telephones.

The State's petition for discretionary review is granted, the judgment of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

CLINTON, Judge, dissenting.

Though appealing at first blush, upon analysis the theory espoused by the State and accepted by the majority is untenable.

It is simply not the case that definition (A) of "appropriate"[1] prescribes "an act which *requires* the consent of the transferor" that "becomes unlawful because the consent is not 'effective for some reason'" provided in V.T.C.A. Penal Code, § 31.01(4). Beyond doubt if common meaning of the term is given effect, a "purported" transfer, having "the often specious appearance of being, intending, or claiming (something implied or inferred),"[2] does *not* require consent of the purported transferor. Thus, the matter of "fair notice" is at once implicated. *Gorman v. State,* 634 S.W.2d 681, 684 (Tex.Cr.App.1982) (Opinion on State's Motion for Rehearing).

Like a Hasselblad camera with accessories, a television set and three telephones are "goods," such that interests in them "do not require possession to exist," so that "title" to those interests may be transferred.[3] *Gorman v. State,* supra, at 693. But *Gorman* does not hold, as the State and the majority would seem to have it, Opinion, n. 2, for n. 10 in that opinion is nothing more than a quote from V.T.C.A. Business and Commerce Code, § 2.401(a), and it and the other two sections are seen only to support

the notion expressed textually that nonpossessory interests may exist in goods.

Therefore, the indictment in this cause, when examined from the perspective of the accused, does not negate a § 31.01(5)(A) method of appropriate by adding "without any consent of any kind." Rather, that gratuitously added phrase might well lead an accused to conclude that the pleader precisely had in mind a *"purported* transfer of title to other nonpossessory interest in [the alleged] property"—here a television and three telephones.

The motion to quash was erroneously overruled. Because the Court does not so hold, I respectfully dissent.

ODOM, TEAGUE and MILLER, JJ., join.

---

1.  V.T.C.A. Penal Code, § 31.01(5)(A) provides:
    "(5) 'Appropriate' means:
    (A) to bring about a transfer or *purported* transfer of title to or other nonpossessory interest in property, whether to the actor or another; ..."
    (All emphasis is added by the writer of this opinion unless otherwise indicated.)

2.  Webster's New Collegiate Dictionary, G. & C. Merriam Co., 1979 (Springfield, Mass.).

3.  As in *Gorman* the shorthand rendition "transfer of title" includes "bring about a transfer or purported transfer of title or other nonpossessory interest" in goods.