**James E. WASHINGTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–83–177–CR.**

Court of Appeals of Texas, Waco.

June 7, 1984.

Richard E. Langlois, Kosub, Langlois & Van Cleave, San Antonio, for appellant.

Sam D. Millsap, Jr., Crim. Dist. Atty., San Antonio, for appellee.

HALL, Justice.

Pleading not guilty, appellant James E. Washington was convicted by a jury for the felony offense of theft of property valued at more than $200 but less than $10,000. Enhanced by a prior felony conviction, punishment was assessed by the court at confinement in the penitentiary for 10 years.

In parts pertinent to this appeal the indictment alleged that appellant "did unlawfully appropriate" thirty-three record albums "without the effective consent of the owner." Appellant moved to quash the indictment on the ground, among others, that the indictment failed to specify the manner in which he appropriated the prop-

erty. The motion was overruled, and appellant's single ground of error attacks this ruling. The State concedes in its brief "that under the current state of the law" the motion to quash should have been granted, and we agree.

In V.T.C.A., Penal Code § 31.01(5) the term "appropriate" is defined to mean:

(A) To bring about a transfer or purported transfer of title to or other non-possessory interests in property, whether to the actor or another; or

(B) To acquire or otherwise exercise control over property other than real property.

Our Court of Criminal Appeals has consistently ruled that a theft indictment that simply alleges unlawful appropriation of property without the effective consent of the owner is subject to being quashed because, in light of the several methods of "appropriation" set forth in the Penal Code definition of the term, such indictment does not give the defendant adequate and fair notice of the theft charge against him since it does not specify the method of appropriation used. *Gorman v. State*, 634 S.W.2d 681 (1982); *Coleman v. State*, 643 S.W.2d 124 (Tex.Cr.App.1982); *McBrayer v. State*, 642 S.W.2d 504 (Tex.Cr.App.1982). See also *Lewis v. State*, 659 S.W.2d 429 (Tex. Cr.App.1983).

The judgment is reversed and the indictment is ordered dismissed.