Terry Lynn FORD, Appellant,

v.

The STATE of Texas, Appellee.

Nos. A14–89–082–CR, A14–89–083–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 30, 1989.

Gerald B. Scheve, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and JUNELL and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Appellant Terry Lynn Ford was charged in separate indictments for (1) burglary of a motor vehicle, and (2) aggravated assault on a peace officer. The causes were joined, and appellant and his co-defendant were tried together. A jury found appellant guilty of both offenses, he pled true to an enhancement paragraph, and the jury assessed punishment at twenty (20) years' confinement in the Texas Department of Corrections and a fine of $10,000.00 per each offense. In his sole point of error, appellant cites TEX.PENAL CODE ANN. § 3.02(b) (Vernon 1974) as requiring written notice thirty (30) days prior to trial when the State elects to join offenses which are based on separate charging instruments. We reverse.

TEX.PENAL CODE ANN. § 3.02 (1974) provides in pertinent part:

(a) A defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode.

(b) When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, the state shall file written notice of the action not less than 30 days prior to the trial.

Further, TEX.PENAL CODE ANN. § 3.04(a) (Vernon 1974) states:

Whenever two or more offenses have been consolidated for trial under Section 3.02 of this code, the defendant shall have a right to a severance of the offense.

The record reflects the following pretrial discussion:

[DEFENSE COUNSEL]: I am asking that the State elect on which they want to go on, whether aggravated assault on a police officer or burglary of a motor vehicle.

[PROSECUTOR]: I intend to go on both cases on both defendants. It's all one chain of facts. The aggravated assault

occurred at the location or just down the street from the location where it's alleged to have occurred, where the burglary of a motor vehicle is alleged to have occurred, and I intend to go on both cases.

[DEFENSE COUNSEL]: I would ask for a ruling?

THE COURT: He elected to go on all of them.

[DEFENSE COUNSEL]: We object to that.

THE COURT: Overruled.

We find that appellant's objection was sufficient to apprise the judge that he did not desire to have the offenses joined in a common trial. *See Rice v. State,* 646 S.W.2d 633, 635 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd). No express request for a severance was made, but severance is the only remedy for an unlawful consolidation. *Id.* Section 3.04(a) of the penal code is a mandatory statute, thus the trial court must grant the request. Failure to do so when the court is sufficiently apprised of the defendant's objection results in reversible error. *See Waythe v. State,* 533 S.W.2d 802, 804 (Tex.Crim.App.1976); *Overton v. State,* 552 S.W.2d 849, 850 (Tex. Crim.App.1977).

We reverse and remand.