**Homer Lee COATS, aka Shawn Lee, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–82–707–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 13, 1984.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

Homer Lee Coats (Coats or Appellant) was found guilty by a jury of being party to a theft of $10,000 cash. The court assessed punishment of twelve years imprisonment and a fine of $2,500.00. In five grounds of error Coats contends the evidence was insufficient for conviction, and that the indictment should have been quashed.

Two accomplices testified that Coats forced one of them to enter a grocery store where she was employed and take ten thousand dollars from a cash collection area. The accomplice then put the money in an unlocked car parked in a parking lot outside the store. Coats recovered the money from the car and later went on a spending spree to Las Vegas with the two accomplices.

Appellant asserts the evidence was insufficient to show lack of consent, unlawful appropriation, or the other elements of the offense. He also asserts there was insufficient evidence to corroborate the testimony of the accomplices.

█ With respect to the issue of consent, the manager of the grocery store testified he gave no consent for Coats' accomplice to remove money from the store. Lack of consent renders its appropriation unlawful. TEX.PENAL CODE ANN. § 31.03(b) (Vernon Supp.1984). Testimony was given to substantiate Coats' intent to deprive the owner of the money taken, and that he had possession of this money. A rational jury could have concluded beyond a reasonable doubt that the evidence was sufficient to prove all of the elements of theft. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Cr.App. 1983).

Appellant asserts there was insufficient evidence corroborating the testimony of the

Robert W. Tarrant, Houston, for appellant.

William Meitzen, Houston, for appellee.

accomplices. The record contains the following independent evidence. The assistant store manager testified he saw a man waiting in a truck in the parking lot where the accomplices testified Coats was waiting. A manager of another store in the shopping center testified that Coats used a pay phone at the same time one of the accomplices testified Coats talked to her while she was in the cash collection area. Other witnesses testified that Coats paid cash to rent a truck shortly after the theft, and that he went on a trip to Las Vegas thereafter. An apartment manager from Las Vegas testified that Coats rented two apartments with cash, and always paid the rent in cash. She testified that he seemed proud of his money and often flashed large amounts of cash. Finally, after Coats was evicted from his apartment in Las Vegas, he returned to the business where he rented the truck and asked for a copy of the rental agreement. When asked why he wanted it, he said it was important because it could keep him out of going to jail for ten years.

 The evidence in this case was sufficient to corroborate the testimony of the accomplices. Corroborating evidence need only tend to connect the accused with the commission of the offense. Apparently insignificant circumstances can corroborate accomplice testimony. *Mitchell v. State,* 650 S.W.2d 801, 807 (Tex.Cr.App.1983). Appellant's first four grounds of error relating to the sufficiency of the evidence are overruled.

Appellant next asserts the indictment should have been quashed because the word "appropriate" was not defined. The relevant phrase in the indictment charged Coats, "did then and there unlawfully, intentionally and knowingly appropriate property, to wit: cash money, in the amount of $10,000.00." Coats filed a written, timely, motion to quash the indictment on the basis that he was not given fair notice as to the unlawful conduct of which he was being accused.

In *Gorman v. State,* 634 S.W.2d 681, 683 (Tex.Cr.App.1982); and *Coleman v. State,* 643 S.W.2d 124, 126 (Tex.Cr.App.1982) (en banc), the Court of Criminal Appeals has stated that when a timely motion to quash has been filed, the State must take further steps to define the word "appropriate" in an indictment for theft. An accused must be informed of the conduct for which he is being prosecuted. "Appropriate" could mean the taking of physical possession, or it could mean the taking of non-possessory title, such as a bill of sale or bill of lading. The Court of Criminal Appeals cites TEX. BUS. & COM.CODE ANN. § 2.105(a) (Vernon 1968) to demonstrate that title to "goods" may be transferred in more than one way. *Gorman,* 634 S.W.2d at 683.

The issue in this case is whether Coats was given fair notice of his culpable behavior when charged with unlawfully appropriating cash money. The answer depends on whether cash money can be considered "goods" as defined in *Coleman* and *Gorman.* Both cases involved tangible chattels, a camera and men's suits. The Austin Court of Appeals in *Scott v. State,* 646 S.W.2d 638, 639 (Tex.App.—Austin 1983, no writ) decided cash money was "goods" and could be appropriated by more than one means. They relied upon § 2.105 of the Business and Commerce Code, and concluded it would be possible to have a non-possessory interest in cash money.

We disagree. The nature of cash money denies any possible non-possessory interest. The only way to take title to cash money is by physically taking possession of it. The Texas Supreme Court examined § 2.105 and reached the conclusion that cash money cannot be "goods", and is distinguishable from tangible chattels. *Riverside National Bank v. Lewis,* 603 S.W.2d 169, 174 (Tex.1980). Cash money would not be a medium of exchange if one did not take title by taking possession.

 Coats was given fair notice by indictment of the act of which he was accused. He could only have appropriated the $10,000.00 by taking physical possession of it. His fifth ground of error is overruled.

The judgment of the trial court is affirmed.