**Lynn Dale THOMAS, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–82–100–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 16, 1983.

Barry G. Johnson, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and Hamilton O. Barksdale, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and ASHWORTH, JJ.

OPINION

BURDOCK, Justice.

This is an appeal of an order revoking appellant's probation. On April 14, 1980, appellant pled guilty to burglary of a motor vehicle. The trial court set sentence at three years. Imposition of sentence was suspended and the appellant was placed on probation for three years.

The State filed a petition for Revocation of the Probated Sentence on March 18,

**648**

1982. At the May 17, 1982 hearing on the motion, appellant was found to have violated the terms of his probation and sentence was set by the court at three years confinement in the Texas Department of Corrections.

We affirm.

■ Appellant's first ground of error asserts the evidence was insufficient to support the plea of guilty because there was a fatal variance between the indictment and the proof. Specifically, the indictment reads that Lynn Dale Thomas "did then and there intentionally and knowingly, without the effective consent of Melvin G. Plummer, the owner thereof, break into and enter a vehicle and a part thereof with intent to commit theft, . . ." The record indicates that appellant answered "yes" to "intentionally and knowingly, without the effective consent of Melvin G. Plumlee (phonics) the owner, thereof, break into and enter a vehicle with the intent to commit theft, . . ." The recording of the name Plumlee by the court reporter is admittedly spelled phonically. We find appellant's first ground of error without merit.

■ Appellant's second ground of error asserts that the trial court abused its discretion in revoking appellant's probation.

In *Ross v. State,* 594 S.W.2d 100 (Tex.Cr. App.1980) the appellant testified admitting she was required to report monthly and had not. The court revoked her probation and this was found not to be an abuse of discretion.

In the instant case, appellant also testified admitting that he failed to report to his probation officer for the months of January, April, July, August and October of 1981 and February of 1982. Appellant also admitted not paying probation payments for the months May through September 1980, January through November 1981 and January through February 1982.

We found no abuse of discretion in the court's order revoking appellant's probation.

The judgment is affirmed.