**Danny Lionel MIERA, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 07–82–0161–CR.**

Court of Appeals of Texas,
Amarillo.

Nov. 22, 1983.

Cook & Brownlee, Tark Cook, Perryton, for appellant.

Guy Hardin, Dist. Atty., Pampa, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

Appellant was convicted of appropriating one head of cattle under the value of $10,-000.00, Tex.Penal Code Ann. § 31.03(a), (d)(4)(A) (Vernon Supp.1982),* and sentenced to five years in the penitentiary. He attacks the conviction by four grounds of error, contending (1) the indictment is fundamentally defective because it does not allege a specific method of appropriation; (2) the jury charge is fundamentally defective because it does not apply the law to the

* All references to statutes herein are to Tex.Penal Code Ann. (Vernon Supp.1982).

facts; (3) the evidence is insufficient to prove that he appropriated anything and (4) the evidence is insufficient to meet the standard required in a circumstantial evidence case. We affirm.

We will first resolve the attack on the indictment. As pertinent here, the indictment charged that appellant:

did then and there unlawfully appropriate property, to wit: one (1) head of cattle, under the value of TEN THOUSAND DOLLARS ($10,000.00) from Lance Bussard, without the effective consent of Lance Bussard, the owner thereof, and with intent to deprive said owner of said property.

Appellant filed a motion to quash the indictment, alleging various generalized defects, but did not present the motion or obtain a ruling on it. Thus, as he must, he contends in this court that the indictment is fundamentally defective. *Jackson v. State,* 571 S.W.2d 1, 2 (Tex.Cr.App.1978); *American Plant Food Corp. v. State,* 508 S.W.2d 598, 604 (Tex.Cr.App.1974), *appeal dismissed,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975). Specifically, says appellant, the fundamental defect exists because there are various ways to unlawfully appropriate property and the State did not allege the method of appropriation it was going to prove.

Although the State could have been required to allege the method of appropriation, its failure to do so is not fundamental error. In the recent case of *Coleman v. State,* 643 S.W.2d 124 (Tex.Cr.App. 1982), the Court of Criminal Appeals pointed out that an indictment alleging appropriation generally, but not detailing the method of appropriation, states an offense under section 31.03(a), (b) of the Penal Code. Thus, it is not fundamentally defective for that reason. However, because appropriation is an act or omission by the defendant and may be done in more than one way, Tex.Penal Code Ann. §§ 31.01(5); 31.03(b) (Vernon Supp.1982), the term must be further clarified by the State *if* the defendant files and presents to the trial court a motion to quash. *Coleman,* 643 S.W.2d at 125.

In this case, appellant did not present his motion to quash, thus waiving his right to make the State clarify the method of appropriation. Ground of error one is overruled.

We will next resolve the evidentiary sufficiency issues. By his third ground, appellant suggests a specific factual deficiency and, by his fourth, levels a general attack on the evidence. Thus, a summary of the evidence is necessary.

Lance Bussard, owner of the calf in question, worth approximately $300.00, observed a pickup in his pasture, about fifty yards off the pasture road. Noting that cattle were gathered around the pickup, he started toward it. He then saw a calf, lying on its back with its legs kicking in the air and observed the pickup with its tailgate down and "backed up, right up to the calf." As Bussard went toward it, the pickup started back to the road at a high rate of speed. He attempted but was unable to stop the pickup as it passed him on the pasture road and exited his property. Bussard then drove to the county courthouse, contacted a deputy sheriff and gave him a description of the pickup and its occupants. Thereafter, he returned to the pasture and found a recently dead 400 pound calf at the location where he had first observed the pickup. He found two bullet holes in the calf's head and later recovered, from the animal's skull, lead fragments he identified as coming from a .22 caliber bullet.

A few minutes after Bussard reported the incident, and several miles from his pasture, a deputy sheriff stopped a pickup occupied by appellant, who was driving, and another man. Bussard later identified the pickup, appellant and his companion as the vehicle and persons he saw in his pasture near the calf. Law enforcement officers found a fillet knife in the pickup and three unfired .22 caliber shells in the pocket of appellant's companion, but were unable to locate a .22 caliber weapon.

Appellant, testifying, admitted being in the pasture but denied any criminal intent. He said he and his companion drove into the pasture to "use the restroom" and saw a

pickup with three occupants leaving the pasture. He then saw the calf on the ground, kicking and trying to get up, and drove to it to investigate. Then "we seen that man coming and we took off." The man attempted to stop them, said appellant, and they were going to stop but the man pulled a gun on them, so they went around him. Appellant inferentially explained the fillet knife by saying he and his companion had been fishing, but he did not know why his companion had .22 caliber shells in his pocket.

Appellant's specific attack on the evidence, like his first point, is directed to the element of appropriation. His argument, in essence, is that the State's evidence, even if true, does not prove that he appropriated anything, because the calf was never removed from the owner's possession.

■ A person appropriates personal property, under section 31.01(5)(B) of the Penal Code, if he acquires or *otherwise exercises control* over the property. Although we do not find a decision applying section 31.-01(5)(B) to comparable facts, we note that under the prior penal code, it was not necessary to remove property from the owner's possession in order to criminally take it. *See, e.g., Barnes v. State,* 513 S.W.2d 850, 851 (Tex.Cr.App.1974); *Baker v. State,* 511 S.W.2d 272, 272–73 (Tex.Cr.App.1974); *Senter v. State,* 411 S.W.2d 742, 744 (Tex.Cr. App.1967).

Consistent with that view, the practice commentary to section 31.03 indicates an intent by the framers of the present Penal Code to include more than actual control in the concept of appropriation. It notes, for instance, that "exercising control" encompasses conduct that does not involve possession, and states, "anyone who is in a position to take some action that deprives the owner of property is in a position to exercise control." Searcy & Patterson, *Practice Commentary,* Tex.Penal Code Ann. § 31.03, at 417–18 (Vernon 1974).

■ In this case, the State presented circumstantial evidence from which the jury could find that appellant or his companion,

acting as parties, shot the calf. The act of shooting the calf was an exercise of control over it and, by killing the animal, they deprived the owner of his property, i.e., a living calf. Thus, we are satisfied the State presented evidence of appropriation as defined in section 31.01(5)(B) of the Penal Code. Ground of error three is overruled.

In order to resolve appellant's general attack on the evidence, through his fourth ground of error, we have reviewed the circumstantial evidence in accordance with the standard stated in *Wilson v. State,* 654 S.W.2d 465, 471 (Tex.Cr.App.1983) to determine whether a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

■ The elements in this case for which there must be evidentiary support are that (1) a person (2) with intent to deprive the owner of property (3) exercises control over the property (4) without the owner's effective consent. *Ex Parte Cannon,* 546 S.W.2d 266, 273 (Tex.Cr.App.1976).

■ The evidence summarized under ground three satisfies those elements. From that evidence, the jury could find that appellant and his companion, acting as parties and without the owner's permission, shot the calf and were preparing to load it into the pickup when discovered. Thus, appellant, a person, intending to deprive Bussard of his property, exercised control over it without Bussard's consent. Ground of error four is overruled.

By his second ground, appellant contends the charge is fundamentally defective because it did not apply the law to the facts. The court, after defining the terms appropriate, property, deprive, effective consent, owner, possession, intent, party, value and criminal responsibility, told the jury, without objection from appellant:

Now, if you find from the evidence beyond a reasonable doubt that the defendant, Danny Lionel Miera, either acting alone or with Miguel James Velasquez as a party to the offense, as that term is hereinbefore defined, did then and there unlawfully appropriate proper-

ty, to-wit: one (1) head of cattle under the value of $10,000.00 from Lance Bussard, without the effective consent of Lance Bussard, the owner thereof, and with the intent to deprive the said owner of said property, then you will find the Defendant guilty of theft as charged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant.

We find no fundamental error in the charge. After defining various terms, the court told the jury, in the language of the indictment, what it must find and what it must do if it could not make those findings. That is all the law requires. *See Grady v. State,* 614 S.W.2d 830 (Tex.Cr.App.1981). Ground of error two is overruled.

The judgment is affirmed.