James William HOWARD, Appellant,

v.

The STATE of Texas, State.

No. 2–85–171–CR.

Court of Appeals of Texas,
Fort Worth.

April 2, 1986.

Gene Grant, Fort Worth, for appellant.

Chris Marshall, Fort Worth, for the State.

Before FENDER, C.J., and ASHWORTH and HOPKINS, JJ.

OPINION

FENDER, Chief Justice.

This is an appeal from a probation revocation proceeding.

We affirm.

A brief statement of the facts and a procedural history is necessary.

On July 19, 1977, appellant, James William Howard, was indicted for the offense of theft of property of the value of $200.00 or more but less than $10,000.00. *See* TEX. PENAL CODE ANN. sec. 31.03 (Vernon 1974). On April 17, 1978, appellant waived his right to a jury trial and pleaded guilty. After a hearing, the court found appellant guilty and assessed his punishment at seven years imprisonment in the Texas Department of Corrections. The imposition of sentence was suspended and

appellant was placed on probation for seven years provided he obeyed a list of conditions which included regular reporting to the adult probation department of Tarrant County and a payment of a monthly probation fee.

On March 18, 1985, the state filed its first amended petition for revocation of probated sentence alleging that appellant had violated the terms and conditions of his probation by committing a new offense, by failing to report, and by failing to pay his probation fees.

After a hearing, the trial judge revoked appellant's probation based on appellant's failure to report to the Tarrant County Probation Department and failure to pay probation fees. The trial judge reduced the sentence from seven years to five years imprisonment in the Texas Department of Corrections.

In his first ground of error appellant contends that the underlying indictment for the theft conviction was defective because it failed to specify the statutory definition of "appropriate." [1] The indictment upon which appellant's conviction is grounded alleged that:

James William Howard ... did then and there knowingly and intentionally appropriate property, other than real property, to wit: money of the value of $200.00 or more but less than $10,000.00....

Appellant complains that the state failed to allege the particular manner or means by which he committed the offense. Appellant does not contend and the record does not reflect that appellant presented a motion to quash the indictment at trial.

The Court of Appeals in Amarillo faced a similar question in the case of *Miera v. State*, 663 S.W.2d 508 (Tex.App.—Amarillo 1983, no pet.). The court in *Miera* said:

Although the State could have been required to allege the method of appropriation, its failure to do so is not funda-

mental error. In the recent case of *Coleman v. State*, 643 S.W.2d 124 (Tex.Cr. App.1982), the Court of Criminal Appeals pointed out that an indictment alleging appropriation generally, but not detailing the method of appropriation, states an offense under section 31.03(a), (b) of the Penal Code. Thus, it is not fundamentally defective for that reason. However, because appropriation is an act or omission by the defendant and may be done in more than one way, Tex.Penal Code Ann. secs. 31.01(5); 31.03(b) (Vernon Supp. 1982), the term must be further clarified by the state *if* the defendant files and presents to the trial court a motion to quash. *Coleman*, 643 S.W.2d at 125. [Emphasis in original].

*Id.* at 510.

■ In the case before us, appellant did not present a motion to quash, and therefore waived his right to make the state clarify the method of appropriation just as the appellant did in *Miera. See id.* Appellant's first ground of error is overruled.

In his second ground of error appellant contends that the trial court erred in revoking appellant's probation based upon appellant's failure to pay probation fees when the state did not rebut appellant's affirmative defense of inability to pay.

■ The general rule is that if probation is to be revoked on the ground that the probationer failed to pay supervision fees, the state must prove that probationer had the ability to pay and that his failure to pay was intentional. *Curtis v. State*, 548 S.W.2d 57, 58 (Tex.Crim.App.1977); *Bowen v. State*, 649 S.W.2d 384, 386 (Tex.App.— Fort Worth 1983, pet. ref'd). The legislature has modified this rule to the extent that in cases where nonpayment of fees is the *only* ground upon which revocation is sought, the probationer's inability to pay is an affirmative defense which he must raise and prove by preponderance of the evi-

---

1. TEX. PENAL CODE ANN. sec. 31.01(5) defines "appropriate" as follows:

(A) to bring about a transfer or purported transfer of title to or other nonpossessory inter-

est in property, whether to the actor or another; or

(B) to acquire or otherwise exercise control over property other than real property.

dence. *See* TEX.CODE CRIM.PROC.ANN. art. 42.12, sec. 8(c) (Vernon 1974). In those cases, *if the probationer fails to raise the affirmative defense, then the state is no longer required to prove that the probationer had the ability to pay and intentionally failed.* *Jones v. State,* 589 S.W.2d 419 (Tex.Crim.App.1979).

In the case before us, revocation was sought on more than one ground, and we hold that the state was therefore required to prove that the appellant had the ability to pay and that he intentionally failed to pay. *Cf. Curtis,* 548 S.W.2d at 58.

 Appellant raised the affirmative defense of inability to pay when he took the stand and testified concerning his bouts with alcoholism, his recovery from a car accident and his commitment to a hospital for alcoholics. He stated that he was "just now starting to get back" on his feet. We hold that the state failed to prove ability to pay; nor did it prove that appellant intentionally failed to pay. Appellant's second ground of error is sustained.

However, because probation may be revoked on proof of only one violation of the conditions of probation, *see Moore v. State,* 605 S.W.2d 924, 926 (Tex.Crim.App.1980), we must next determine whether there was sufficient proof of the allegation that appellant failed to report.

In this regard, in his third ground of error, appellant contends that the trial court erred in revoking appellant's probation based upon failure to report when the state failed to prove the allegations by preponderance of the evidence. Appellant contends that his probation supervision had been transferred, first to Austin and then to Galveston. He testified as to this and further testified that he had been reporting in Austin and he had attempted to report in Galveston, but he was told that his records had been lost or destroyed during the Galveston hurricane. Appellant contends that the state failed to rebut any of his testimony.

Jesus Martinez, a probation officer with the Tarrant County Probation Department,

testified that even if appellant's probation supervision had been transferred to Austin and then to Galveston, he still had the responsibility to mail monthly reports to Tarrant County, which he failed to do. Martinez further indicated that even if appellant had been reporting in some fashion to the probation office in Austin and Galveston, he also had the duty to mail in reports to Tarrant County.

Appellant's testimony concerning his physical disabilities from an auto accident and from his alcoholism does not excuse or explain his failure to report after March of 1984. Appellant testified that at that time, he had moved back to Austin and was trying to start a new business. He was no longer drinking. Yet, appellant testified to having failed to report in 1984 and 1985. We find that there is no error or abuse of discretion in revoking appellant's probation for failure to report. *See Thomas v. State,* 646 S.W.2d 647, 648 (Tex.App. —Fort Worth 1983, no pet.).

The judgment is affirmed.