NO. 07-07-0443-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 7, 2009
______________________________

STEVE ASHBURN, APPELLANT

V.

SPENCER CAVINESS, APPELLEE
_________________________________

FROM THE COUNTY COURT AT LAW #1 OF RANDALL COUNTY;

NO. 4380-L; HONORABLE JAMES W. ANDERSON, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
OPINION
          Appellant Steve Ashburn appeals an adverse judgment rendered in favor of Spencer
Caviness under the Texas Theft Liability Act.


 We will affirm.
 
 
Background
          Caviness sued Ashburn under the Act alleging Ashburn shot and killed his one-year-old Labrador Retriever, Sadie. Trial was by jury and the court submitted a charge which
included the following question and instruction:
Question No. 1
Do you find that Steve Ashburn unlawfully appropriated property of Spencer
Caviness, to wit: a dog, with the intent to deprive Spencer Caviness of said
property, without the effective consent of Spencer Caviness, the owner?
 
You are instructed that causing the death of the dog constitutes
appropriation of property. 
 
          Answer “Yes” or “No.”
 
Answer:_________
          The jury answered the question affirmatively and in response to other questions
determined the fair market value of Sadie, an amount of additional damages, and a
reasonable and necessary attorney’s fee.


 The court signed a judgment awarding
Caviness the damages found by the jury under the Act. Ashburn appealed. 
 
Discussion 
          Ashburn contends on appeal that the trial court should not have submitted question
one because killing a dog does not constitute theft under the Act. The essence of
Ashburn’s complaint is the Act does not incorporate the definition of “‘appropriate’ as
construed in criminal cases.” We disagree. 
          An appellate court applies an abuse of discretion standard in reviewing the trial
court's submission of instructions and jury questions. Toles v. Toles, 45 S.W.3d 252, 263
(Tex. App.–Dallas 2001, pet. denied). In submitting jury questions, the trial court
possesses broad discretion and that discretion is not abused so long as the questions
submitted fairly place the disputed issues before the jury. Id. (citing Varme v. Gordon, 881
S.W.2d 877, 881 (Tex.App.–Houston [14th Dist.] 1994, writ denied)).
          In pertinent part, the Act provides: “A person who commits theft is liable for the
damages resulting from the theft.” Tex. Civ. Prac. & Rem. Code Ann. § 134.003(a)
(Vernon 2005). Its definition of “theft” includes “unlawfully appropriating property . . . as
described by Section 31.03, . . . Penal Code.” Tex. Civ. Prac. & Rem. Code Ann. §
134.002(1). Section 31.03 of the Penal Code provides in relevant part: “A person commits
an offense if he unlawfully appropriates property with intent to deprive the owner of
property.” Tex. Penal Code Ann. § 31.03(a) (Vernon Supp. 2008). “Appropriate” in §
31.03 means, inter alia, “to acquire or otherwise exercise control over property other than
real property.”


 Tex. Penal Code Ann. § 31.01(4)(B) (Vernon Supp. 2008). Since the
elements of theft in § 134.002(2) of the Act are those of Penal Code § 31.03 and as §
31.03 applies the definition of “appropriate” contained in Penal Code § 31.01(4), by its plain
wording the Act would seem to require that same definition of “appropriate” to apply in §
134.002(1) of the Act. We see no reason to believe the legislature intended otherwise.
           That said, the question remains whether one who kills an animal belonging to
another, without removing the animal, unlawfully appropriates the animal so as to commit
theft. In Miera v. State, 663 S.W.2d 508 (Tex.App.–Amarillo 1983, no pet.), a criminal
prosecution under Penal Code § 31.03, the State alleged the defendant shot and killed a
calf in the owner’s pasture. Challenging his conviction for theft by appropriation, the
defendant argued he could not have appropriated the calf because it was never removed
from the owner’s possession. Id. at 511. The court’s discussion noted the definition of
“appropriates” included exercising control over property and under the former Penal Code
criminal liability could attach even though property was not removed from the owner’s
possession. Id. The court found persuasive the explanation of the practice commentary
to § 31.03 that “‘exercising control’ encompasses conduct that does not involve
possession[.] . . . [A]nyone who is in a position to take some action that deprives the owner
of property is in a position to exercise control.” Id. (quoting Seth S. Searcy III & James R.
Patterson, Vernon’s Annotated Penal Code, § 6.01, Practice Commentary, at 417-18 (West
1974)). Thus, concluded the court, “[t]he act of shooting the calf was an exercise of control
over it and, by killing the animal, [the defendants] deprived the owner of his property, i.e.,
a living calf.” Miera, 663 S.W.2d at 511. With the same force and effect, this reasoning
applies here. The trial court did not abuse its discretion by submitting question one. We
overrule Ashburn’s issue.
Conclusion
          Having overruled Ashburn’s appellate issue, we affirm the judgment of the trial court.
 
                                                                           James T. Campbell

                                                                                    Justice