NO. 07-07-0443-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 7, 2009
_____

STEVE ASHBURN, APPELLANT

V.

SPENCER CAVINESS, APPELLEE
_____

FROM THE COUNTY COURT AT LAW #1 OF RANDALL COUNTY;

NO. 4380-L; HONORABLE JAMES W. ANDERSON, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION**

Appellant Steve Ashburn appeals an adverse judgment rendered in favor of Spencer Caviness under the Texas Theft Liability Act.[1]  We will affirm.

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 134.001-134.005 (Vernon 2005).  We shall hereinafter refer to these statutes collectively as "the Act."

Background

Caviness sued Ashburn under the Act alleging Ashburn shot and killed his one-year-old Labrador Retriever, Sadie. Trial was by jury and the court submitted a charge which included the following question and instruction:

Question No. 1

> Do you find that Steve Ashburn unlawfully appropriated property of Spencer Caviness, to wit: a dog, with the intent to deprive Spencer Caviness of said property, without the effective consent of Spencer Caviness, the owner?
>
> You are instructed that causing the death of the dog constitutes appropriation of property.
>
> Answer "Yes" or "No."
>
> Answer: _____

The jury answered the question affirmatively and in response to other questions determined the fair market value of Sadie, an amount of additional damages, and a reasonable and necessary attorney's fee.[2] The court signed a judgment awarding Caviness the damages found by the jury under the Act. Ashburn appealed.

---

[2] A prevailing party under the Act may recover actual damages and up to $1,000 of additional damages. The prevailing party is to be awarded court costs and reasonable and necessary attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. § 134.005(a)(1), (b) (Vernon 2005).

Discussion

Ashburn contends on appeal that the trial court should not have submitted question one because killing a dog does not constitute theft under the Act. The essence of Ashburn's complaint is the Act does not incorporate the definition of "'appropriate' as construed in criminal cases." We disagree.

An appellate court applies an abuse of discretion standard in reviewing the trial court's submission of instructions and jury questions. *Toles v. Toles*, 45 S.W.3d 252, 263 (Tex. App.–Dallas 2001, pet. denied). In submitting jury questions, the trial court possesses broad discretion and that discretion is not abused so long as the questions submitted fairly place the disputed issues before the jury. *Id.* (*citing Varme v. Gordon,* 881 S.W.2d 877, 881 (Tex.App.–Houston [14th Dist.] 1994, writ denied)).

In pertinent part, the Act provides: "A person who commits theft is liable for the damages resulting from the theft." Tex. Civ. Prac. & Rem. Code Ann. § 134.003(a) (Vernon 2005). Its definition of "theft" includes "unlawfully appropriating property . . . as described by Section 31.03, . . . Penal Code." Tex. Civ. Prac. & Rem. Code Ann. § 134.002(1). Section 31.03 of the Penal Code provides in relevant part: "A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code Ann. § 31.03(a) (Vernon Supp. 2008). "Appropriate" in § 31.03 means, *inter alia*, "to acquire or otherwise exercise control over property other than

3

real property."[3] Tex. Penal Code Ann. § 31.01(4)(B) (Vernon Supp. 2008). Since the elements of theft in § 134.002(2) of the Act are those of Penal Code § 31.03 and as § 31.03 applies the definition of "appropriate" contained in Penal Code § 31.01(4), by its plain wording the Act would seem to require that same definition of "appropriate" to apply in § 134.002(1) of the Act. We see no reason to believe the legislature intended otherwise.

That said, the question remains whether one who kills an animal belonging to another, without removing the animal, unlawfully appropriates the animal so as to commit theft. In *Miera v. State,* 663 S.W.2d 508 (Tex.App.–Amarillo 1983, no pet.), a criminal prosecution under Penal Code § 31.03, the State alleged the defendant shot and killed a calf in the owner's pasture. Challenging his conviction for theft by appropriation, the defendant argued he could not have appropriated the calf because it was never removed from the owner's possession. *Id.* at 511. The court's discussion noted the definition of "appropriates" included exercising control over property and under the former Penal Code criminal liability could attach even though property was not removed from the owner's possession. *Id.* The court found persuasive the explanation of the practice commentary to § 31.03 that "'exercising control' encompasses conduct that does not involve possession[.] . . . [A]nyone who is in a position to take some action that deprives the owner of property is in a position to exercise control." *Id.* (*quoting* Seth S. Searcy III & James R. Patterson, Vernon's Annotated Penal Code, § 6.01, *Practice Commentary*, at 417-18 (West 1974)). Thus, concluded the court, "[t]he act of shooting the calf was an exercise of control

<hr/>

[3] The terms defined by § 31.01 are expressly applicable to all sections of Penal Code Chapter 31. Tex. Penal Code Ann. § 31.01 (Vernon Supp. 2008).

over it and, by killing the animal, [the defendants] deprived the owner of his property, i.e., a living calf." *Miera,* 663 S.W.2d at 511. With the same force and effect, this reasoning applies here. The trial court did not abuse its discretion by submitting question one. We overrule Ashburn's issue.

Conclusion

Having overruled Ashburn's appellate issue, we affirm the judgment of the trial court.


James T. Campbell
Justice