

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-14-00173-CR

---

ROCHELLE SCHELLING, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 43049-B

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Rochelle Schelling pushed a shopping cart full of unpurchased, unbagged merchandise past the cash registers of her local Walmart and headed toward the exit. Following a bench trial, the trial court found Schelling guilty of theft of property with a value of less than $1,500.00, with two previous convictions of theft.[1] *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014). On appeal, Schelling argues that the evidence is legally insufficient to support her conviction. We modify the judgment to reflect the correct statute defining the offense and affirm the judgment as modified, because (1) legally sufficient evidence supports Schelling's conviction and (2) the statute of offense is Section 31.03(e)(4)(D), not Section 31.03(f).

**(1)     Legally Sufficient Evidence Supports Schelling's Conviction**

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found beyond a reasonable doubt that Schelling committed theft. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Brown v. State*, 333 S.W.3d 606, 608 (Tex. App.—Dallas 2009, no pet.). We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

---

[1]Schelling was sentenced to fifteen months' confinement in state jail.

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. In this case, Schelling committed theft "if [s]he unlawfully appropriate[d] property with [the] intent to deprive the owner of property." TEX. PENAL CODE ANN. § 31.03(a) (West Supp. 2014).

Destinee Jeffrey, a Walmart Customer Service Supervisor, testified that she witnessed Schelling rapidly pushing a shopping cart full of unbagged items toward the front exit. Because Schelling had already passed all of the cash registers, Jeffrey immediately suspected her of shoplifting. Jeffrey stopped Schelling from exiting the store and asked her if she had a receipt for the merchandise in her cart. According to Jeffrey, Schelling admitted that she did not have a receipt, but claimed that she was just going to her car to get her money. After Jeffrey told Schelling that she could not leave the store with a cart of unpurchased items, Schelling abandoned her cart where it stood, threw her hands up in the air, and left.

Walmart surveillance video confirmed that Schelling was confronted by Jeffrey just as she was about to exit the front of the store. The video also shows Schelling's unusual approach to the front exit. The video demonstrated (1) that Schelling was originally pushing the cart toward the left side of the exit doors, (2) that Schelling noticed that a Walmart greeter was distracted in conversation with someone, and (3) that Schelling, looking like someone hoping to

3

exit undetected, decided to abruptly turn her shopping cart toward the right of the exit doors so that she could pass behind the Walmart greeter. However, Schelling banged her shopping cart against a large sign during her abrupt maneuver, thwarting her attempt to maintain a low profile.

Jeffrey called the police as she followed Schelling into the parking lot. According to Jeffrey, Schelling approached a random car in the Walmart parking lot, asked its occupants to let her inside of the car, and was declined entry. Schelling then walked to a nearby gas station, asked someone else if she could get in their car, and was granted a ride. Jeffrey informed the police dispatcher of the description of the car in which Schelling was departing the scene.

Schelling was soon apprehended by police, brought back into the store, and interviewed by Walmart representatives. Jeffrey testified, "[Schelling] went into the Asset Protection room, and they asked her about if she did it, and she said that she did do it." Officer Glenn Derr obtained a statement from the Walmart team and arrested Schelling.[2]

Schelling argues that this evidence is legally insufficient to show (1) that she possessed the mens rea required for the offense or (2) that she appropriated anything. We disagree.

"Intent to deprive must be determined from the words and acts of the accused." *Griffin v. State*, 614 S.W.2d 155, 159 (Tex. Crim. App. [Panel Op.] 1981); *Banks v. State*, 471 S.W.2d 811, 812 (Tex. Crim. App. 1971). Here, the trial court was able to view the Walmart surveillance video, which captured Schelling's evasive maneuvers and behavior. When confronted by Jeffrey, Schelling claimed that she was simply going to her car to get cash to pay for the merchandise. However, because Schelling asked strangers for a ride, it appeared that

---

[2]The merchandise in Schelling's shopping cart was valued at $529.19.

Schelling's excuse to exit the store was a ruse. Instead of retrieving cash to pay for the merchandise, Schelling fled. According to Jeffrey's testimony, Schelling confessed her guilt to the Walmart asset protection team. We find this evidence sufficient for the fact-finder to establish Schelling's mal-intent.

Next, Schelling argues that the evidence was insufficient to establish that she appropriated property because she abandoned all of the merchandise inside the store. In defining the various theft offenses, the word "appropriate" means "to acquire *or otherwise exercise control over* property other than real property." TEX. PENAL CODE ANN. § 31.01(4)(B) (West Supp. 2014) (emphasis added). "Any removal of the property, no matter how slight, from its customary location is sufficient to show control over the property for purposes of theft." *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 756 (Tex. App.—Dallas 2010, no pet.) (citing *Baker v. State*, 511 S.W.2d 272 (Tex. Crim. App. 1974)); *see Miera v. State*, 663 S.W.2d 508, 511 (Tex. App.—Amarillo 1983, no pet.). Contrary to Schelling's argument, "[t]o show theft under Texas law, it is not necessary to establish that the property was removed or carried away from the premises." *Id*. at 755–56 (citing *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981)); *see Senter v. State*, 411 S.W.2d 742, 744–45 (Tex. Crim. App. 1967); *Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.) ("[A]sportation—the act of carrying away or removing property—is not an element of statutory theft."). Here, the evidence showed that Schelling removed merchandise from the store shelves, placed the items into her cart,

walked past the cash registers, and was about to exit the store. The evidence is legally sufficient to show that Schelling exercised control over the property in her cart.[3]

## (2)  The Statute of Offense Is Section 31.03(e)(4)(D), not Section 31.03(f)

Although neither Schelling nor the State raised the issue, the judgment's recitation of Section 31.03(f) as the statute of offense is incorrect.

We may modify the judgment to conform the record to the truth when we learn of an error. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). "Our authority to reform incorrect judgments is not dependent on the request of any party, nor does it turn on a question of whether a party has or has not objected in [the] trial court; we may act sua sponte and may have a duty to do so." *Rhoten*, 299 S.W.3d at 356 (citing *Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, writ ref'd); *see French*, 830 S.W.2d at 609.

Theft is typically classified as a misdemeanor offense. TEX. PENAL CODE ANN. § 31.03(e)(1)–(3) (West Supp. 2014). Theft, however, is punishable as a state jail felony if "the value of the property stolen is less than $1,500 and the defendant has been previously convicted two or more times of any grade of theft." TEX. PENAL CODE ANN. § 31.03(e)(4)(D). Schelling (1) pled true to the State's jurisdictional enhancements, which alleged that she had twice been previously convicted of theft, and (2) was, accordingly, convicted of a state jail felony.

---

[3]During sentencing, the trial court explained to Schelling, "[Y]ou had passed every avenue and every place where you could have paid for [the merchandise]. If Wal-Mart employees hadn't been there, they would have lost the merchandise. You would have walked out with it."

6

Here, although the judgment correctly uses language from Section 31.03(e)(4)(D) of the Texas Penal Code to describe the offense, the judgment mistakenly lists Section 31.03(f) as the statute of offense.[4] Consequently, we modify the judgment to designate Section 31.03(e)(4)(D) of the Texas Penal Code as the correct statute of offense.

We affirm the judgment as modified.


Josh R. Morriss, III
Chief Justice


Date Submitted:     March 4, 2015
Date Decided:       March 17, 2015

Do Not Publish

---

[4]Section 31.03(f) of the Texas Penal Code increases the category of offense in various circumstances not applicable to this case. *See* TEX. PENAL CODE ANN. § 31.03(f) (West Supp. 2014).