

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-15-00136-CR
### NO. 02-15-00137-CR

AARON JESS MARLAR                                            APPELLANT

V.

THE STATE OF TEXAS                                                STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NOS. CR14-0355, CR14-0493

----------

## MEMORANDUM OPINION[1]

----------

In one issue, appellant Aaron Jess Marlar appeals his third-degree felony convictions for assault against a member of his family or household and for repeated violations of conditions of a bond in a family violence case.[2] He

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. §§ 22.01(a)(1), (b)(2)(A), 25.072(a), (e) (West Supp. 2015).

contends that during the hearing on the State's petition to revoke his community supervision for these offenses, the trial court violated his right of confrontation under the Sixth Amendment.[3] We affirm.

**Background Facts**

Through separate indictments, appellant was charged with assault against a member of his family or household and with repeated violations of conditions of a bond in a family violence case. The indictment in the assault case alleged that he had been previously convicted of assault against a member of his family or household. In each case, appellant pled guilty. The trial court convicted him in each case, assessed punishment of ten years' confinement, suspended imposition of the sentences, and placed him on community supervision.[4]

The day after appellant's community supervision began in each case, the State filed a petition to revoke it. The State alleged that he had violated a

---

[3]*See* U.S. Const. amend. VI (stating that in "all criminal prosecutions, the accused shall enjoy the right to . . . be confronted with the witnesses against him").

[4]The clerk's records in these appeals do not contain the orders placing appellant on community supervision, but they contain other documents describing his placement on community supervision. An exhibit in the reporter's record contains a transcript of the hearing in which appellant pled guilty to the offenses and in which the trial court convicted him and placed him on community supervision.

condition by impermissibly contacting the victim of his assault.[5]  The State later amended its revocation petition twice in each case.

At the hearing on the State's second amended revocation petition, appellant pled not true to the petition's allegations.  After the trial court took judicial notice of the contents of its file, before calling any witnesses, the State offered State's Exhibit 1, which was a transcript of the hearing in which appellant had pled guilty to each offense and had been placed on community supervision. The following colloquy occurred:

> [THE STATE]:  Judge, at this time, I'd like to offer State's [Exhibit] 1, which is the transcript . . . from the plea.
>
> [DEFENSE COUNSEL]:  Your Honor, I'll object to no foundation.
>
> THE COURT:  Response, [State]?
>
> [THE STATE]:  I could call your court reporter, Judge, but that would make it very difficult to have somebody report the events of this proceeding.  We'd need to get the reporter from next door.
>
> THE COURT:  Overruled.  Admitted.

---

[5]Specifically, the State's revocation petition alleged that appellant had violated the following condition:

> (pp) Defendant shall refrain completely from contact with . . . the victim of this cause, either in person, by telephone, in writing, by text, instant messaging, or other form of electronic communication, or through any other individual or means, except for the sole purpose of arranging for visitation with the children Defendant shares with [the victim].  In the event that [the victim] is not, at the time in question, the person with custody of the aforesaid children, Defendant shall not initiate or have any communication with her whatsoever.

. . . .

[THE COURT:] And in relation to State's Exhibit 1 that was just admitted, the court will . . . acknowledge that this is a record from Glenna G. Windell who is also the official court reporter of this court who took this transcript.

. . . .

[DEFENSE COUNSEL]: Your Honor, one more objection to add. Hearsay.

THE COURT: On State's Exhibit 1?

[DEFENSE COUNSEL]: On State's Exhibit 1.

THE COURT: Overruled.

After the admission of State's Exhibit 1, the trial court heard testimony from appellant's ex-wife, R.M. (Reyna),[6] who is the victim of his assault offense. She testified that after the trial court placed appellant on community supervision, he contacted her by phone, through social media, and through letters.[7] Reyna conceded that parts of these contacts concerned visitation issues but testified that other parts concerned the relationship between her and appellant.

During appellant's cross-examination of Reyna, he voiced another objection to State's Exhibit 1. The following exchange occurred:

---

[6]We use an alias to protect the victim's anonymity. *See McClendon v. State*, 643 S.W.2d 936, 936 n.1 (Tex. Crim. App. [Panel Op.] 1982).

[7]The trial court admitted a recording of a voice mail that appellant had left for Reyna, a copy of a message that appellant had sent to Reyna through Facebook, and copies of letters that appellant had sent to Reyna. In the Facebook message, appellant told Reyna that he loved her and missed her; he also stated that he knew that sending the message could "put [him] in prison for 10 years."

4

[DEFENSE COUNSEL]: And, Your Honor, in thinking about State's 1, I have -- I want to make an additional objection . . . . So I'm going to bring up a [C]onfrontation [C]lause [objection] on that also because [appellant] wasn't the actual one that was doing the questioning and answering, and he made a statement on State's 1. . . .

THE COURT: Specifically what in State's 1 are you objecting to?

[DEFENSE COUNSEL]: Well, you know, it's basically the statements that are made by -- it could be statements made by anybody except [appellant] who was placed under oath on State's 1.

. . . .

THE COURT: I'm going to -- so what's your objection?

[DEFENSE COUNSEL]: Under the [C]onfrontation [C]lause.

THE COURT: Overruled.

The trial court also heard testimony from other witnesses. The court found that appellant had violated the no-contact condition of his community supervision and heard more evidence on his punishment. In each case, the court then revoked the community supervision and sentenced appellant to nine years' confinement. The court ordered the sentences to run concurrently. Appellant brought these appeals.

## Confrontation Clause Objection

In his only issue, appellant contends that the trial court violated his right of confrontation when it admitted State's Exhibit 1. He argues that the issue of whether a defendant enjoys the right of confrontation under the Sixth Amendment at a revocation hearing is unsettled and that we should resolve the

issue. Assuming without deciding that appellant preserved this complaint for our review and that the trial court violated his right of confrontation by admitting State's Exhibit 1, we conclude that any such violation could not have harmed appellant under the circumstances presented here.

When assessing whether constitutional error, including error related to a defendant's right of confrontation, is harmful, we apply rule of appellate procedure 44.2(a). Tex. R. App. P. 44.2(a); *Sanders v. State*, 422 S.W.3d 809, 817 (Tex. App.—Fort Worth 2014, pet. ref'd). The question is whether the trial court's admission of State's Exhibit 1 over appellant's Confrontation Clause objection was harmless beyond a reasonable doubt. *See* Tex. R. App. P. 44.2(a); *Williams v. State*, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997). In applying the "harmless error" test, our primary question is whether there is a "reasonable possibility" that the error might have contributed to the trial court's revocation decision. *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999); *see also Davis v. State*, 268 S.W.3d 683, 706–07 (Tex. App.—Fort Worth 2008, pet. ref'd) ("In applying a rule 44.2(a) harm analysis to [evidence] erroneously admitted over the defendant's Confrontation Clause objection, the Court of Criminal Appeals has instructed us that if the verdict or punishment would have been the same absent the error then the error is harmless.").

Appellant argues that he was harmed by the admission of State's Exhibit 1 because it contained statements establishing that at the time of his placement on

community supervision, Reyna did not have custody of her and appellant's children.[8]  He argues that these statements were important to the issue of revocation because the community supervision condition at issue stated that he could contact Reyna only for the purpose of arranging visitation with the children and that if Reyna did not have custody of them, he could not have any communication with her.  Appellant contends,

> Due to the wording of the sole condition of probation alleged to have been violated, [his] knowledge and understanding, or lack thereof, of who had custody of the children [was] a key element the State [was required to] prove on both counts. . . .
>
> . . . .
>
> . . . [T]he alleged violations of probation by [a]ppellant hinge on what he knew and understood:  Did [a]ppellant know [Reyna] did not have temporary custody of the children after December 17, 2014?

For two reasons, we conclude that appellant could not have been harmed on this theory by the admission of State's Exhibit 1.  First, as appellant recognizes in his brief, his knowledge of the custody status of the children at the time of his placement on community supervision was established during the

---

[8]For example, State's Exhibit 1 contains the following statement to appellant by a prosecutor:

> [Reyna] does not have control of the kids right now, they're not in her custody, they're not in her care.  So there's absolutely no reason at all whatsoever for you to be contacting her in any manner in person, by phone, by email, by IM, any other sort of electronic communication any way, any form at all. And that's what the conditions lay out.  Okay?  You need to move on with your life, let her move on with hers, and that's it.

revocation hearing by evidence other than State's Exhibit 1. *Cf. Sandone v. State*, 394 S.W.3d 788, 794 (Tex. App.—Fort Worth 2013, no pet.) ("The improper admission of evidence is harmless if the same or similar evidence is admitted without objection at another point in the trial."); *cf. also Sanders*, 422 S.W.3d at 817–18 (concluding that any error in the admission of a statement in violation of the defendant's right to confrontation was harmless in view of other uncontroverted, unobjected-to evidence that established the same facts). Reyna testified that prior to the date that appellant's community supervision began, her parents temporarily had custody of the children, and she informed appellant of this fact. She later explained that appellant had attended the custody hearing in which her parents were granted temporary custody and that he had signed an agreement supporting that result. Reyna stated that prior to appellant's placement on community supervision, a custody order had stated that he was to arrange visitation through her parents, not through her. Reyna's father confirmed in his testimony that before being placed on community supervision, appellant knew that Reyna did not have custody of the children because he "agreed to the orders" concerning the children's custody.

Second, the record contains abundant evidence of contacts made by appellant to Reyna that had nothing to do with the children's custody and therefore unquestionably violated the condition at issue. On the day after his community supervision began, appellant wrote the following message to Reyna through Facebook:

8

> So this is really how u want it to be[?]  What the da said was really what u wanted[?] U want absolute nothing to do with me ever[?]  I guess u have moved on and u are over me[?]  I am having a really hard time with this . . . .  I know this message could put me in prison for 10 yrs and [if] that's what u feel u need to do so be it, I just can't believe u really want this . . . .

Appellant's letters to Reyna also concerned several matters unrelated to the children's custody or visitation, including his disagreement with Reyna's decision to report him for previously contacting her.  Appellant's communications with Reyna that had no relation to the children's custody or visitation matters renders his understanding of the custody status of the children superfluous to the trial court's determination to revoke his community supervision.  *See Howard v. State*, 706 S.W.2d 168, 170 (Tex. App.—Fort Worth 1986, pet. ref'd) (stating that community supervision may be revoked on proof of only one violation of the conditions).

Thus, assuming, without deciding, that the trial court violated appellant's right of confrontation by admitting State's Exhibit 1, we hold beyond a reasonable doubt that the error could not have contributed to the trial court's decision to revoke his community supervision.  *See* Tex. R. App. P. 44.2(a).  We overrule appellant's only issue.

**Conclusion**

Having overruled appellant's only issue, we affirm the trial court's judgments.

/s/ Terrie Livingston

TERRIE LIVINGSTON
CHIEF JUSTICE

PANEL:  LIVINGSTON, C.J.; GABRIEL and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  March 3, 2016