

# NUMBERS 13-14-00498-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GILDA HERNANDEZ,                                                        **Appellant,**

**v.**

THE STATE OF TEXAS,                                                    **Appellee.**

## On appeal from the County Court at Law No. 2
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Perkes and Longoria
### Memorandum Opinion by Justice Perkes

Appellant Gilda Hernandez appeals her conviction for misdemeanor theft.  *See*
TEX. PENAL CODE ANN. § 31.03(a) (West, Westlaw through 2015 R.S.).  The jury found
appellant guilty and the trial court assessed punishment at twenty-five days in an
alternative incarceration program.  By a single issue, appellant contends the evidence
was insufficient to prove that she had the requisite intent to appropriate property from its

owner.   We affirm.

## I.   BACKGROUND

Andy Moreno, the store manager and loss prevention analyst, testified that he observed appellant and Jasmine Esparza removing jewelry and clothing from shelves and placing the items into a backpack that Esparza carried.   Appellant left the store first, and later, Esparza bypassed the registers and exited the store.   Moreno detained Esparza and escorted her back to the store's office where he recovered the merchandise.   Police arrested Esparza that same day.   Appellant was arrested some months later.

## II.   SUFFICIENCY OF EVIDENCE

By her sole issue, appellant contends the evidence was insufficient to prove she committed theft.   Specifically, appellant argues the evidence does not show that she intended to appropriate the property from its owner.

## A.   Standard of Review

"The standard for determining whether the evidence is legally sufficient to support a conviction is 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Johnson v. State,* 364 S.W.3d 292, 293–94 (Tex. Crim. App. 2012) (quoting *Jackson v. Virginia,* 443 U.S. 307 (1979)) (emphasis in original); *see Brooks v. State,* 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).   The fact-finder is the exclusive judge of the credibility of witnesses and of the weight to be given to their testimony.   *Anderson v. State,* 322 S.W.3d 401, 405 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (citing *Lancon v. State,* 253 S.W.3d 699, 707 (Tex. Crim. App.

2

2008)). Reconciliation of conflicts in the evidence is within the fact-finder's exclusive province. *Id.* (citing *Wyatt v. State,* 23 S.W.3d 18, 30 (Tex. Crim. App. 2000)). We must resolve any inconsistencies in the testimony in favor of the verdict. *Id.* (citing *Curry v. State,* 30 S.W.3d 394, 406 (Tex. Crim. App. 2000)).

We measure the sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State,* 286 S.W.3d 321, 327 (Tex. Crim. App. 2009) (citing *Malik v. State,* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997) (en banc)). Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* As applied to this case, the State must prove that appellant unlawfully appropriated property valued at $50.00 or more but less than $500.00, with the intent to deprive the owner of the property. *See* TEX. PENAL CODE ANN. § 31.03(a).

In reviewing the sufficiency of the evidence, we look at "events occurring before, during and after the commission of the offense and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Guevara v. State,* 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (citations omitted). Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative effect of all the incriminating facts are sufficient to support the conviction. *Id.* (citing *Alexander v. State,* 740 S.W.2d 749, 758 (Tex. Crim. App. 1987) (en banc)). The evidence is sufficient if the conclusion of guilt is warranted by the combined and

cumulative force of all of the incriminating circumstances.   *Russell v. State,* 665 S.W.2d 771, 776 (Tex. Crim. App. 1983).

**B.    Applicable Law**

A person commits theft if she unlawfully appropriates property with the intent to deprive the owner of the property.   TEX. PENAL CODE ANN. § 31.03(a).   To "appropriate" is defined as "to acquire or otherwise exercise control over property other than real property."   *Id.* § 31.01(4)(B).   "Any removal of the property, no matter how slight, from its customary location is sufficient to show control over the property for purposes of theft." *Nautilus Ins. Co. v. Steinberg*, 316 S.W.3d 752, 756 (Tex. App.—Dallas 2010, no pet.) (citing *Baker v. State*, 511 S.W.2d 272 (Tex. Crim. App. 1974)); *see Miera v. State*, 663 S.W.2d 508, 511 (Tex. App.—Amarillo 1983, no pet.).   It is not essential that the property be taken off the premises; it is instead only essential that the evidence show an exercise of control over the property, coupled with an intent to deprive the owner of the property. *Hill v. State*, 633 S.W.2d 520, 521 (Tex. Crim. App. 1981) (internal quotations omitted). Criminal intent is necessary to establish theft.   *See Ellis v. State,* 877 S.W.2d 380, 383 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).

**C.    Analysis**

Viewing the evidence presented in the light most favorable to the verdict, the record demonstrates that appellant and Esparza went to Hobby Lobby and committed a theft.   Appellant and Esparza knew each other, and rode to the store in the same vehicle. Appellant removed items from the store's shelves and concealed them in Esparza's backpack.   Although appellant attempts to place the blame solely on Esparza, her

removal and concealment of property is sufficient to show control for the purposes of theft. *See Hill*, 633 S.W.3d at 521; *see also Hawkins v. State*, 214 S.W.3d 668, 670 (Tex. App.—Waco 2007, no pet.). Appellant's actions sufficiently show both an exercise of control and an intent to deprive.

Although appellant's testimony contradicted Moreno's version of events, the jury, as factfinder, chose to believe Moreno rather than appellant. In weighing the credibility of the two accounts and reconciling the inconsistencies in the testimony, the jury was not obligated to believe appellant's version of events. *See Wyatt,* 23 S.W.3d at 30 (reconciliation of conflicting testimony is within fact-finder's exclusive province); *Anderson,* 322 S.W.3d at 405 (fact-finder is the exclusive judge of credibility of witnesses and of weight to be given testimony"). Thus, we conclude the evidence is sufficient to support appellant's conviction. Appellant's sole issue is overruled.

## III.    CONCLUSION

We affirm the trial court's judgment.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
16th day of June, 2016.

5